## Wytheville.

### Early & Clark v. Commonwealth.

#### June 25, 1896.

#### Absent, Harrison, J.*

1. Criminal Procedure — *Indictment* — *Venue.*—An indictment which charges that an offence was committed "within the jurisdiction of the Court," but does not state where the offence was committed is bad on demurrer. Jurisdiction is matter of law. The place where an offence is committed is a matter of fact. It is necessary to aver and prove the place where the offence is alleged to have been committed.

Error to a judgment of the Corporation Court of the city of Roanoke, rendered January 30, 1896.

*Reversed.*

The opinion states the case.

*J. Hampton Hoge,* for the plaintiffs in error.

*Attorney-General R. Taylor Scott,* for the Commonwealth.

Keith, P., delivered the opinion of the Court.

The following indictment was returned by the grand jurors of the city of Roanoke at the January term of the said court:

* See note page 189.

"Commonwealth of Virginia

          *vs.*        } Indictment for robbery.

"Charles Clark and Will Early. 

"A true bill."

                "CHAS. I. LUNSFORD,

                        Foreman."

## *Indictment.*

"Commonwealth of Virginia—City of Roanoke, to-wit:

"In the Corporation Court of the said city, the grand jurors of the Commonwealth of Virginia, in and for the body of the city of Roanoke, and now attending the said court at its January term, 1896, upon their oaths present, that Charles Clark and Will Early, heretofore, to-wit, on the 26th day of December, in the year one thousand eight hundred and ninety-five, and within the jurisdiction of this court, feloniously, in and upon one Alex. Smith did make an assault, and then and there feloniously put him, the said Alex. Smith, in bodily fear by striking and beating him, the said Alex. Smith, and four one dollar notes issued by the United States Treasury Department, and good and lawful currency of the United States Government, each of the value of one dollar, and two silver dollars, current coin and money of the United States Government, and each of the value of one dollar, and one half-dollar, silver coin of the United States Government, and of the value of one half dollar, and one quarter of a dollar of United States silver coin, and of the value of one quarter of a dollar, and twenty-five cents in the minor coins of the United States Government, of the value of twenty-five cents, the exact number and denomination of which is to the grand jurors unknown, and all of the value of seven dollars, of the goods and chattels, money and property of the said Alex. Smith, from the person of him, the said Alex. Smith,

and against his will, then and there, to-wit, on the day and year last aforesaid, feloniously and violently, did steal, take and carry away, against the peace and dignity of the Commonwealth of Virginia."

When the prisoners were arraigned, they demurred to the indictment, and their demurrer was overruled by the court. They then pleaded not guilty, a jury was impaneled, they were tried, found guilty, and sentenced to the penitentiary for the term of eight years, and to this judgment a writ of error was allowed by one of the judges of this court.

The judgment of the court overruling the demurrer is assigned as the first ground of error.

It will be observed that the place in which the crime was committed is not stated in the indictment, though it is averred that it was done "within the jurisdiction of the court." Jurisdiction is said to be a matter of law. The place where the crime was committed, a matter of fact. It is necessary to aver and to prove the place where the crime with which the accused stands charged was committed. It is not sufficient to aver, as is done in this indictment, that the offence was committed " within the jurisdiction of the court," which is a conclusion of law, but the indictment should have stated the fact which gave the court jurisdiction, viz., that the offence charged was committed within the city of Roanoke.

By section 3999 of the Code, it is said that the indictment shall not be quashed or deemed invalid for omitting to set forth, among other things, that the offence was committed "within the jurisdiction of the court," and we cannot see that the introduction of an unnecessary averment can supply the omission of one that is material. See 1 Bish. on Crim. Procedure, (2 Ed.,) sec. 376, *et seq.*

We are of opinion, therefore, that the demurrer to the indictment should have been sustained.

Opinion.

The other objections presented in the record are not likely to occur in any future trial of the case, and, as they are not of general interest, need not be further noticed.

The judgment of the Hustings Court must be reversed.

*Reversed.*