# Wytheville.

## ANDERSON AND MOORE *v.* COMMONWEALTH.

### June 21, 1906.

### Absent, Keith, P.

1. INTOXICATING LIQUORS—*Bond to Observe Revenue Laws—Recitals—Estoppel.*—Under a statute which authorizes a judge of a county court, in vacation, to take from a person a bond with surety, conditioned not to violate the revenue laws of the State, if upon a hearing of a warrant issued for his arrest, for a violation of such laws, the judge has probable cause to suspect him guilty of such violation, a county court, while in session, may take from one who has been indicted in such court for said violation a bond with such condition. The finding of the indictment, the appearance of the defendant and his giving the bond required sufficiently answer the requirement of "probable cause to suspect." Furthermore, the recital in the bond that it is given in compromise of the pending indictment estops the obligors from denying the regularity and validity of the proceedings resulting in its execution.

2. STATUTORY BONDS—*Special Remedy—Other Remedies.*—The mere giving of the right to proceed by *scire facias* on a special statutory bond does not exclude other remedies or forms of action to enforce the collection of its penalty.

3. BILLS OF EXCEPTION—*Tendered But Not Signed in Time.*—In the absence of consent, entered of record, as required by law, this court cannot consider bills of exception tendered in vacation within thirty days after the adjournment of the court, but which are not signed by the judge and filed with the record until after the expiration of the said thirty days, and until the last day of the succeeding term of the court.

Error to a judgment of the Circuit Court of Scott county,

in an action of debt.    Judgment for the plaintiff.    Defendants assign error.

*Affirmed.*

The opinion states the case.

*W. S. Cox* and *Richmond & Bond,* for the plaintiffs in error.

*Attorney General William A. Anderson,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

This is an action of debt on a penal bond, instituted by the Commonwealth against Cam Anderson and H. C. Moore, plaintiffs in error, and the final judgment in the case, in favor of the Commonwealth, was rendered on the fifth day of September, 1905.

The overruling of defendants' demurrer to the amended declaration filed in the case is assigned as error, the grounds of the demurrer being: "(a) There was not, nor was there at the time of taking said bond, any warrant of law for the execution of any such bond; (b) said bond is, therefore, void; (c) there was no sufficient ground for action of debt alleged in said declaration."

It appears that at the April term, 1903, of the County Court of Scott county, Cam Anderson was indicted for selling liquor without a license; that at the same term of the court he executed the bond sued on, payable to the Commonwealth, in the penalty of $500.00, with H. C. Moore as his surety, with the condition "that if the above bound Cam Anderson shall not violate the revenue law of this State for twelve months . . . . then the above obligation to be void, else to remain in full

force and virtue." This bond recites, in its condition, that Anderson denied violating the revenue laws of the· State, and for the purpose of *compromising* the charges pending against him (meaning, of course, the indictment mentioned) entered into the bond.

The bond was taken in substantial compliance with sections 7 and 8 of the special act of the Legislature, approved February 29, 1892 (Acts, 1891-'92, p. 814), the purpose of which was to suppress tippling houses, the illegal and unlawful traffic in ardent spirits in the county of Scott and other counties named.

The seventh section of the act provides that "any county officer . . . who is a conservator of the peace . . . . or any county judge or justice of the peace, who shall have reasonable cause to suspect that any of such liquors aforesaid is sold without a license shall issue his warrant," etc.; and the eighth section provides that "upon a hearing, if it be found there is probable cause to suspect them (the parties accused) guilty they shall be required to enter into bond, with sufficient security, for their good behavior, conditioned not to violate the revenue laws of this State, and also to answer an indictment for said offense."

The bond in this case was taken by the County Court of Scott county, after an indictment found against Cam Anderson for selling liquor without a license; and clearly, if the judge could *require* and *take* the bond, as provided by the act, "on probable cause to suspect," in vacation, which is plain, *a fortiori,* could he, sitting in court, on an indictment found, do the same.

The "hearing" contemplated by the statute means nothing more nor less than sufficient inquiry to show "probable cause to suspect," and the finding of the indictment, the appearance of

Anderson, the defendant, in court to answer the same, and the giving of the bond required of him, fully measured up to a compliance with the statute. It will be observed that, upon the face of the bond, it was executed in *compromise* of the then pending prosecution against Anderson, and, therefore, he and his surety must be held to have waived any objection that they might have made in the County Court to the proceedings when the bond was given, and to be estopped from denying the regularity and validity of the proceedings resulting in the execution of the bond.

The remaining ground of demurrer is also untenable. While the eighth section of the act, *supra,* provides that "should such bond be forfeited, *scire facias,* shall be issued thereon by the clerk of the court in whose office the bond is filed," etc., this provision but gives a special remedy and was not intended to exclude other remedies or forms of action by the Commonwealth to collect the penalty of the bond.

During the trial in the court below plaintiffs in error excepted to certain rulings of the trial judge, and leave was given them to prepare and present, within thirty days, their bills of exceptions, to be signed and made a part of the record; but while those bills of exceptions were prepared and presented to the judge in vacation on the 28th day of September, 1905, they were not signed by him and filed with the record till the 5th day of December, 1905, that being the last day of the November term, 1905, of the Circuit Court of Scott county, which was not only after the expiration of thirty days from September 5, 1905, but the November term of the court had intervened between that date and the date on which the bills of exceptions were signed by the judge and filed with the record, and they do not show the consent of parties extending the time entered of record, as provided by law; therefore, they

cannot be considered by this court.   Va. Code, 1904, sec. 3385;
*Hoover* v. *Saunders,* 104 Va. 783, 52 S. E. 657.

It follows that the judgment of the Circuit Court must be
affirmed.

*Affirmed.*