STATE *ex rel.* OLIVER J. TIMOTHY *et al. v.* H. E. HOWSE *et al.*

(*Nashville.* Special Term, 1915.)

1. **COURTS.** **Supreme court.** **Jurisdiction.** **Ouster suits.**

Acts 1907, ch. 82, ·sec. 7, provides that, in cases in which appellate jurisdiction is not conferred on the court of civil appeals, appeals shall be direct to the supreme court, and writs of error, *certiorari*, and *supersedeas* shall be issued by, and made returnable to, that court, and such court shall have exclusive jurisdiction, and shall try and finally determine all such cases. Ouster Act (Acts 1915, ch. 11), secs. 9, 13, provide that appeals in proceedings instituted thereunder shall lie to the supreme court, where final judgment shall be rendered. *Held*, that the supreme court, and not the court of civil appeals, has jurisdiction to issue writs of *certiorari* and *supersedeas* to review an order suspending a municipal officer from office pending an ouster proceeding, since, when appeals· lie to the supreme court, the power to revise, regulate, or review orders, judgments, and decrees by *certiorari* or *supersedeas* is also with that court. (*Post, p.* 455.)

Acts cited and construed: Acts 1907, ch. 82, sec. 7; Acts 1915, ch. 11, secs. 9, 13.

2. **MUNICIPAL CORPORATIONS.** **Officers.** **Removal or suspension.** **Statutory provisions.** **"Full hearing."**

Ouster Act (Acts 1915, ch. 11), sec. 7, provides that ouster proceedings thereunder shall be summary and triable as equitable actions, regardless of the court in which they are brought. Section 10 authorizes the suspension of the officer sought to be ousted pending the determination of the proceeding, and provides that no person shall be suspended without five days' notice of the application for the order of suspension, and that he shall be entitled to a full hearing upon the charges contained in the complaint and upon the application for the order of suspension. *Held*, that the "full hearing" provided for is not a "final hearing,"

State ex rel. v. Howse.

but means no more than that the chancellor or trial judge shall give ample opportunity to both sides to make a showing fairly adequate to make manifest the propriety or impropriety of the suspension. (*Post, p.* 456.)

3. **MUNICIPAL CORPORATIONS.** Officers. Removal or suspension. Evidence.

On an application to suspend a municipal officer pending an ouster proceeding against him under Acts 1915, ch. 11, the proof need not be adduced as is done on a formal trial on the merits, but may be introduced by affidavit or otherwise. (*Post, p.* 457.)

Cases cited and approved: Root v. Mills, 168 Fed., 688; Taylor v. Breese, 163 Fed., 678; Anderson v. Commonwealth, 105 Va., 533.

4. **MUNICIPAL CORPORATIONS.** Officers. Removal or suspension. Evidence.

On an application to suspend a municipal officer pending an ouster proceeding against him under Acts 1915, ch. 11, the court did not err in admitting in evidence the transcript of a proceeding pending in the chancery court of the same county, in which the accused officers were sought to be held liable for the same acts, in which transcript were incorporated the depositions of witnesses who had been cross-examined by their counsel. (*Post, p.* 458.)

5. **EVIDENCE.** Admissions. Depositions.

A deposition of a party was admissible against him, in a proceeding other than that in which it was taken, as an admission under oath. (*Post, p.* 458.)

6. **MUNICIPAL CORPORATIONS.** Officers. Removal or suspension. Evidence.

On an application to suspend a municipal officer pending an ouster proceeding against him, it was the duty of the court to hear the testimony of witnesses produced by such officer, providing their introduction was not carried to a point of manifesting a purpose to delay action on the application for the suspension. (*Post, p.* 458.)

7. **MUNICIPAL CORPORATIONS.** Officers. Removal or suspension. Nature of proceeding. "Civil proceeding."

An ouster proceeding against a municipal officer, under Acts 1915, ch. 11, is primarily for the protection of the public, and not to punish the offender, and is civil rather than criminal in nature. (*Post, p.* 459.)

Cases cited and approved: Territory v. Sanches, 14 N. M., 493; Skeen v. Craig, 31 Utah, 20.

Code cited and construed: Sec. 4853 (S.).

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— THOS. E. MATTHEWS, Judge.

H. S. STOKES, W. C. CHERRY and J. G. STEPHENSON, for relators.

JNO. T. LELLYETT and FRANK LANGFORD, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This case is before us on petition for writs of *certiorari* and *supersedeas* to review the action of Hon. Thos. E. Matthews, circuit judge of Davidson county, in suspending from office petitioners, H. E. Howse and Robert Elliott, mayor and commissioner, respectively, of the city of Nashville.

This suspension was ordered by the circuit judge in a proceeding begun by petition of accusation filed by ten or more taxpayers and freeholders of the city under the provisions of Acts 1915, chapter 11, commonly known as the Ouster Act, in which Howse and Elliott are charged with acts of malfeasance and illegal conduct in their respective offices.

After hearing the petition of accusation and ouster and certain proof tendered as by way of affidavits and as documentary evidence of admissions of record made by one of the accused officials under oath, the trial judge entered an order suspending the officials.

The petition filed before us challenges the constitutionality of the Ouster Act, but in the argument of the case at the bar of this court the constitutional questions were not debated, but were passed over with the statement of counsel of petitioners that it was not his purpose to argue same. We therefore treat the act as constitutional, so far as it is thus challenged.

Arising, then, for consideration as a preliminary question, is whether this court, or the court of civil appeals, has jurisdiction where writs of *certiorari* and *supersedeas* are sought in a case such as this. We are of the opinion that the jurisdiction to entertain the petition for such writs is with this court.

By sections 9 and 13 of the Ouster Act it is provided that appeals in proceedings instituted thereunder shall lie to the supreme court, where final judgment shall be rendered, and in cases when appeals are provided by law to lie to this court we hold that the power to

revise, regulate, or review orders, judgments, and de-
crees of circuit and chancery courts by *certiorari* or
*supersedeas* is with this court.     Acts 1907, ch. 82,
sec. 7.

The main contention of the petitioning officials is
that the order of the court below suspending them
was not rendered after a "full hearing" upon the
charges contained in the petition of accusation.     This
insistence is predicated upon section 10 of the Ouster
Act, which provides that no person shall be suspended
without five days' notice of the application for the
order of suspension, and "said officer shall have the
right to appear and make any defense that he may
have and shall be entitled to a full hearing upon the
charges," etc.

By the terms of an earlier section (7) of the act
it is provided that "the proceedings in ouster shall
be summary and triable as an equitable action," re-
gardless of the court in which the same are begun.
The act draws a clear distinction between ouster on
final hearing and a suspension on full hearing pend-
ing a final hearing, and we are of opinion that the
order of suspension is properly to be likened to the
interlocutory orders entered in the usual equity pro-
ceeding, such as decretal orders for the appointment
of a receiver, or for injunctive process.     The sus-
pension is to be by "order," and clearly to be differ-
entiated from the final decree of ouster.     The argument
is advanced by counsel of the petitioners that an order
of suspension cannot properly be entered until the

full or entire proof is adduced by both the movants or applicants and themselves. If maintainable, this would put it in the power of the accused officials to delay a suspension until the court had before it all the proof requisite to decreeing on final hearing; that is, proof which would support a decree for an outright ouster from office.

It cannot be that the legislature did not have in mind the difference between interlocutory relief by order and relief on final hearing in equitable proceedings, when it thus provided for the character of the proceeding in detail. As applied to proceedings that look to interlocutory relief in an order to be entered, a "hearing," or "full hearing," provided for by legislative act, does not, it must be conceded, mean "final hearing." It means, in the terminology of the law of equity practice, the hearing of a motion, or "application," as the act now under construction phrases it, for interlocutory relief. The expression "full hearing" means no more than that the chancellor, or trial judge exercising the powers of a chancellor, shall give ample opportunity to both sides to make a showing fairly adequate to make manifest the propriety or impropriety of the step asked to be taken by him.

Touching the character of the proof, we are of opinion that it need not necessarily be adduced as is done on a formal trial on the merits. In matters interlocutory in character a hearing means "the introduction of evidence thereon by affidavit or other-

wise, the argument of solicitors, and the order of the chancellor." *Root* v. *Mills,* 168 Fed., 688, 94 C. C. A., 174; *Taylor* v. *Breese,* 163 Fed., 678, 90 C. C. A., 558; *Anderson* v. *Commonwealth,* 105 Va., 533, 54 S. E., 305.

The circuit judge admitted and considered a transcript of a proceeding pending at the time in another court, the chancery court of Davidson county, to which the accused officials were parties and sought to be held liable for the same acts. In that transcript were incoporated the depositions of witnesses who had been cross-examined by their counsel. These were considered as of the nature of affidavits by the trial judge. In addition there was so incorporated a deposition of Mayor Howse, which was clearly competent as an admission under oath. We think there was no error in this.

The counsel of the petitioning officers of the city did not offer their clients as witnesses, nor did they offer any witnesses for examination. They did offer a bit of documentary evidence, which was admitted and considered by the court. If the hearing lacked anything of being full, this was not attributable to the trial judge, so far as this record indicates.

Had the defendants tendered testimony of witnesses, doubtless the circuit judge would have heard them, as it was his duty to do, provided their introduction was not carried to a point of manifesting a purpose to delay action on the application for a suspension— a preliminary proceeding of the character we have already indicated.

Counsel for the defendant officials urge upon us the view that a proceeding under this Ouster Act is criminal or quasi criminal in character. Similar acts have been passed by the legislatures of several States, and have been construed by the courts to provide a remedy civil in character.

By these modern statutes, which make no provision for fine or punishment of any kind, the proceeding is plainly intended to rid the public of an unworthy servant, and is in this particular entirely different from common-law proceedings criminal in nature.

The proceeding is primarily for the protection of the public, and not to punish the defendant as an offender, and it is civil rather than criminal in nature. *Territory* v. *Sanches,* 14 N. M., 493, 94 Pac., 954, 20 Ann. Cas., 109, and note; *Skeen* v. *Craig,* 31 Utah, 20, 86 Pac., 487.

It is urged that the act is not retroactive, and that the circuit judge should not have heard evidence touching, or have considered, any act of the officers proceeded against that antedated the passage of the act. We are of the opinion, however, that the circuit judge properly held that the act undertook to make nothing illegal that was not illegal before the act's passage, and that the act is merely remedial in nature, and that it only provides a new remedy.

We are of the further opinion that no sufficient showing is made by the petition and its exhibits for writs of *certiorari* and *supersedeas* under Code (Shannon) section 4853; and they are denied the petitioners.