## Richmond

BRAGG V. JOHN W. JUSTIS AND HUNTER M. MARTIN, PART-
NERS AS MANCHESTER MILLS.

March 17, 1921.

1.   EXCEPTIONS, BILL OF—*Time of Filing—Effect of Failure to File
     in Time—Stipulations—Consent of Counsel.*—If bills of ex-
     ceptions are not filed within the time prescribed by law, the
     trial court is without jurisdiction to receive them and have
     them made a part of the record at a later date. The filing
     within the time prescribed by law is of the very essence of
     the jurisdiction of the trial court, and it is not a matter that
     counsel can affect by consent.

2.   EXCEPTIONS, BILL OF—*Time of Filing—Code of 1919, Sec.* 6252.—
     Section 6252, Code of 1919, provides that "Any bill of exception
     may be tendered to the judge and signed by him, at any time
     before final judgment is entered, or within sixty days from the
     time at which such judgment is entered, whether another term
     of the said court has intervened or not." Thus, the time for
     filing such bills is definitely fixed, and trial courts are without
     power or authority to extend it.

3.   EXCEPTIONS, BILL OF—*Time of Filing—Suspension of Judgment.*—
     The provision of section 6338 of the Code of 1919, permitting
     the trial court or the judge thereof in vacation to suspend the
     execution of a judgment under the circumstances mentioned in
     that section does not extend the time for filing bills of excep-
     tion.

4.   EXCEPTIONS, BILL OF—*Time of Filing—Code of 1919, Sec.* 6252—
     *Case at Bar.*—Final judgment was entered in the instant case
     February 2, 1920, but the bills of exception were not filed till
     May 18, 1920, more than sixty days after the final judgment.
     The bills of exception, therefore, are no part of the record.
     The bills of exception are to be filed within sixty days from the
     date of the judgment, and the sixty days is to be computed, not
     from the adjournment of the term at which the judgment by
     operation of law becomes final, but from the date of the judg-
     ment which becomes final by such adjournment.

5.   EXCEPTIONS, BILL OF—*Time of Filing—Final Judgment.*—The
     fact that the court still has control over the judgment does

not render the judgment any less a final judgment within the meaning of section 6252 of the Code of 1919.

Error to a judgment of the Circuit Court of the city of Richmond in a proceeding by motion for a judgment for damages. Judgment for plaintiffs. Defendant assigns error.

*Dismissed.*

The opinion states the case.

*A. H. Sands,* for the plaintiff in error.

*F. T. Sutton, Jr.,* for the defendants in error.

BURKS, J., delivered the opinion of the court.

The defendants in error (plaintiffs below) proceeded by motion for a judgment against W. C. Bragg for breach of contract. On December 11, 1919, there was a verdict in favor of the plaintiffs for $900. This verdict the defendant moved the court to set aside as contrary to the law and the evidence. The court took time to consider of its judgment, and on February 2, 1920, overruled the motion and entered final judgment for the plaintiffs for $900, with interest and costs. The following is the language of the entry:

"This day came again the parties, by their attorneys, and the court having considered the defendant's motion heretofore made to set aside the verdict of the jury rendered herein on the 11th day of December, 1919, doth overrule the same. To which action and ruling of the court the defendant, by his attorney, excepted.

"Therefore, it is considered by the court that the plaintiffs recover against the defendant the sum of nine hundred dollars, the damages assessed by the jury in their verdict

aforesaid, with interest thereon to be computed after the rate of six per centum per annum from the 11th day of December, 1919, until paid, and their costs by them about their motion in this behalf expended.

"Memorandum: Upon the trial of this action the defendant, by his attorney, excepted to sundry opinions and the judgment of the court given against him, and leave is given him to file his bills of exceptions at any time within the time prescribed by law. And on motion of the defendant, by his attorney, it is ordered that this judgment be suspended for the period of sixty days from this day to enable the defendant to apply for an appeal from the said judgment upon condition that he or some one for him enter into a bond before the clerk of this court with good and sufficient security in the penalty of one thousand dollars within ten days from this day, conditioned according to law."

Afterwards, on March 22, 1920, the trial court entered the following order:

"This day came again the defendant, by his attorney, and on his motion the time given him to file his bills of exceptions is extended to sixty days from the rising of the court, and the judgment entered herein on the 2nd day of February, 1920, is suspended for the same period, to allow the defendant to apply for an appeal from the said judgment, upon condition that he or some one for him enter into a bond before the clerk of this court with good and sufficient security in the penalty of one thousand dollars within ten days from this day, conditioned according to law."

[1] On May 18, 1920, the bills of exception were filed. The only errors assigned are founded upon these bills of exception, and it is necessary to decide in the outset whether or not they are a part of the record. The subject was not mentioned either in the briefs of counsel or in the

oral argument, and when it was brought to the attention of counsel after the case was submitted, counsel for the defendants in error, in a written communication to the court, stated that he had consented to the extension of the time within which the bills of exception were to have been filed. But it is not a matter that counsel could affect by consent. If the bills were not filed within the time prescribed by law, the trial court was without jurisdiction to receive them and have them made a part of the record at a later date. The filing within the time prescribed by law was of the very essence of the jurisdiction of the trial court. *Dallas Wright's Case,* 111 Va. 873, 69 S. E. 956; *Battershall* v. *Roberts,* 107 Va. 269, 58 S. E. 588; *Standard Peanut Co.* v. *Wilson,* 110 Va. 650, 66 S. E. 772; *Litz* v. *Rowe,* 117 Va. 752, 86 S. E. 155.

In *Railroad Co.* v. *Swan,* 111 U. S. 379, 382, it is said, amongst other things: "On every writ of error or appeal the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself even when not otherwise suggested, and without respect to the relation of the parties to it."

Prior to the Code of 1887, and for some years thereafter, bills of exception could not be filed after the adjournment of the term at which final judgment was entered. Afterwards the legislature made changes in the statute, and finally allowed the bills to be filed within thirty days after the term, "or at such other times as the parties, by consent entered of record, may agree upon." Code 1904, §3385. This led to such loose practice as to evoke from this court the statement that "more miscarriages, in the effort to bring the rulings of the trial court under review in this court, have occurred in the six years since the amended statute, *supra,* has been in force than in all the years prior to its passage. And why? Simply because the statute has

not, in the cases where the miscarriages have occurred, been strictly followed, as is absolutely necessary in order to confer authority upon the judges of the trial courts to sign a bill of exception and make it a part of the record, after the adjournment of the term at which the final judgment in the case is entered." *Battershall* v. *Roberts, supra.* With full knowledge of the situation, the revisers of 1919 limited the time within which bills of exception might be filed to "sixty days from the time at which such judgment is entered." Code 1919, sec. 6252. In a note to this section, the revisers say: "It should be observed that sixty days are given instead of thirty, as was the case formerly, but that the time may not be increased by consent entered of record. It was thought that this period would be sufficient for all purposes, and that by making it a fixed, definite, unchangeable period, difficulties formerly encountered would be obviated."

[2-5] The provision of section 6338 of the Code permitting the trial court or the judge thereof in vacation to suspend the execution of a judgment under the circumstances mentioned in that section does not extend the time for filing bills of exception. The time for filing such bills is definitely fixed by section 6252, and the trial courts are without power or authority to extend it. Final judgment was entered in the case at bar February 2, 1920, but the bills of exception were not filed till May 18, 1920, more than sixty days after the final judgment. The bills of exception, therefore, are no parts of the record before us. It does not appear from the record, but we are informed by counsel on both sides that when the order of March 22, 1920, was entered, the February term of the court was still in session. In other words, the court still had control over the judgment. The fact that the court still had control over the judgment did not render the judgment any less a final judgment within the meaning of section 6252

of the Code. That section permits bills of exception to be
filed "at any time before final judgment is entered, or
within sixty days from the time at which such judgment
is entered." This language, taken in connection with what
the revisers say in their note to the section, makes it fairly
plain that the bills of exception were to be filed within sixty
days from the date of the judgment, whether the court
continued in session or not. The sixty days is to be com-
puted, not from the adjournment of the term at which the
judgment by operation of law becomes final, but from the
*date of the judgment* which becomes final by such adjourn-
ment. The fact is that the judgment of February 2, 1920,
was the only judgment ever entered in the case. If it is
not a final judgment, then the writ of error would have to
be dismissed because such a writ lies only to a final judg-
ment. If it is a final judgment, within the meaning of the
section, then the bills of exception were not filed in time.
As the only errors assigned are dependent upon the bills
of exception for support, the writ of error will be dismissed
as having been improvidently awarded. It is not surpris-
ing that this error should have occurred, as the statute
did not go into effect till January 13, 1920.

*Dismissed.*