## Staunton.

## HARLEY V. COMMONWEALTH.

### September 28, 1921.

1 .ASSIGNMENT OF ERRORS—*Necessity of Bill of Exceptions.*—Where assignments of error are dependent upon the bills of exception taken to support them, if the bills of exception are not parts of the record, the assignments cannot be considered.

2. ASSIGNMENT OF ERRORS—*Time of Tendering and Signing Bills of Exception—Section 6252 of the Code of 1919—Case at Bar.*— Where final judgment was entered against defendant on February 10, 1920, and the court adjourned before the first Monday in March, and the bills of exception were not applied for or obtained until May 8, 1920, which was not within the sixty days after final judgment, as required by section 6252 of the Code of 1919, the bills of exception were not parts of the record, and hence the assignments of error based thereon cannot be considered.

3. FINAL JUDGMENTS AND DECREES—*Suspension of Judgment.*—The fact that the execution of a judgment was suspended under the provisions of section 6338 of the Code of 1919, did not affect the finality of the judgment in the lower court.

4. NEW TRIALS—*Newly Discovered Evidence—Motion After Adjournment.*—A motion to set aside a verdict for after-discovered evidence, not made until after the adjournment of the term at which final judgment was entered, comes too late. The jurisdiction of the trial court over the case ended with the adjournment of the term, and it had no power to grant the motion.

5. WARRANTS—*Sufficiency—Time of Raising Objection to Insufficiency—Appeal.*—Where no objection was made in the trial court to the sufficiency of a warrant in a prosecution for disorderly conduct, and no demurrer thereto was interposed, defendant cannot raise the objection for the first time on appeal that the warrant did not specify the acts of disorderly conduct complained of. If the specification was necessary, it could, and doubtless would, have been readily supplied upon objection.

6. VENUE—*Indictments—Prosecution for Misdemeanor—Formal Im-
perfections of Warrant—Appeal and Error.*—In cases of in-
dictments, especially for serious offenses, venue must be alleged
and proved.  But in prosecutions for petty misdemeanors the
same particularity is not expected or required in the charge
made in the warrant, and where no objection to the warrant is
made in the trial court, and no motion is made to correct it,
under the comprehensive provisions of section 4989 of the Code
of 1919, the Supreme Court of Appeals will not reverse the
judgment of the trial court for formal imperfections of the
warrant unless the ends of justice require it.
7. WARRANTS—*Necessity for Alleging Venue.*—As accused may be
tried without a warrant in the first instance, unless demanded,
as under section 4989, Code of 1919, abundant opportunity is
afforded to correct the warrant where one has been issued, and
as in either event the appeal is to be tried "without formal plead-
ings in writing," it would seem to be very plain that the Su-
preme Court of Appeals ought not to reverse the judgment of
the trial court simply because the warrant failed to allege the
venue of the offense.
8. DISORDERLY CONDUCT—*Whether Warrant Alleges an Offense.*—
The complaint that accused did "unlawfully be disorderly" on
an interurban car charges an offense under section 4533 of the
Code of 1919.

Error to a judgment of the Hustings Court, Part II, of
the city of Richmond.

*Affirmed.*

The opinion states the case.

*A. O. Boschen, M. J. Fulton* and *J. J. Wicker,* for the
plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr.,
Assistant Attorney General,* and *Leon M. Bazile, Second
Assistant Attorney General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error, hereinafter called the defendant, was convicted by a justice for disorderly conduct on a street car, and sentenced to pay a fine of $10. She appealed to the Hustings Court, Part II, of the city of Richmond, where the case was heard *de novo,* and the trial was by jury. The jury found her guilty and imposed a fine of $10, which the trial court refused to set aside, and upon which it entered up judgment. To that judgment a writ of error was awarded by one of the judges of this court, pursuant to the statute providing that "in all criminal cases where petition for writ of error is presented, the same shall be granted as a matter of right." Acts 1920, ch. 300.

[1] It is assigned as error: (1) that the venue is not laid in the warrant of arrest; (2) that the warrant does not specify any act of disorderly conduct; (3) that the court erred in giving an instruction for the Commonwealth; (4) that the court erred in permitting certain questions to be asked and answered; and (5) that the court erred in overruling defendant's motion to set aside the verdict as contrary to the law and the evidence. The last three assignments are dependent upon the bills of exception taken to support them. If the bills of exception are not parts of the record, these assignments cannot be considered.

[2, 3] Final judgment was entered against the defendant on February 10, 1920, and the court adjourned before the first Monday in March. The bills of exception were not applied for or obtained until May 8, 1920, which was not within the sixty days after final judgment, as required by section 6252 of the Code. The bills of exception are not parts of the record, and hence the assignments of error based thereon cannot be considered. *Bragg* v. *Justis,* 129 Va. 354, 106 S. E. 335. The fact that execution of the judgment was suspended under the provisions of section 6338 of the Code, did not affect the finality of the judgment in that court.

[4] A motion was also made to set aside the verdict for after-discovered evidence, but the motion was not made until after the adjournment of the term at which the final judgment was entered. The jurisdiction of the trial court over the case ended with the adjournment of the term, and it had no power to grant the motion. *Allen* v. *Commonwealth,* 114 Va. 826, 77 S. E. 66.

[5] No objection was made in the trial court to the sufficiency of the warrant in any respect, and no demurrer thereto was interposed, and the defendant cannot raise the objection for the first time in this court that the warrant does not specify the acts of disorderly conduct complained of. If the specification was necessary, it could, and doubtless would have been readily supplied. It is too late now to raise the objection.

[6] In case of indictments, especially for serious offenses, venue must be alleged and proved. *Early's Case,* 93 Va. 765, 24 S. E. 936; *Fitch's Case,* 92 Va. 824, 24 S. E. 272; *Anderson's Case,* 100 Va. 860, 42 S. E. 865; *West* v. *Commonwealth,* 125 Va. 747, 99 S. E. 654. But in prosecutions for petty misdemeanors the same particularity is not expected or required in the charge made in the warrant, and where no objection to the warrant is made in the trial court, and no motion is made to correct it, under the comprehensive provisions of section 4989 of the Code, this court will not reverse the judgment of the trial court for formal imperfections of the warrant unless the ends of justice require it.

In *Flint* v. *Commonwealth,* 114 Va. 820, 822, 76 S. E. 308, 309, it is said: "As has been said by this court frequently, the same exactness and precision is not required in the statement of an offense where it is to be heard upon a warrant as in more formal proceedings by information or indictment. In this case it appears, further, that the defendant made no objection whatever to the form of the warrant in

the corporation court. Had he then objected, whatever formal defects may have appeared in the warrant could have been cured.

"As was said in *Robinson* v. *Commonwealth,* 111 Va. 844, 69 S. E. 518, 'Under the broad powers conferred upon the trial court, by section 4107 of the Code, it was entirely competent for the court, of its own motion, pending the trial of an appeal from the justice of the peace, to direct the attorney for the Commonwealth to change the warrant from an attempt to commit larceny of oats to an attempt to obtain money by false pretenses. While it would have been more regular, perhaps, to have directed the change to have been made before the trial began, yet where the prisoner did not ask for a continuance, and there is nothing to indicate that he was prejudiced by the amendment during the trial, the irregularity is harmless.'

"We think, therefore, that if there were formal objections to the warrant, the court had ample power under the statute to amend it, and that the accused cannot be permitted to go to trial upon a warrant which the court had full power to amend and after verdict and judgment, for the first time, to make known his objection."

[7] If the defendant had been arrested by a police officer without a warrant, she might have been tried and convicted without any warrant, unless she demanded that the charge against her be reduced to writing in the form of a warrant (Code, sec. 4992), and it is expressly provided that if the defendant appeals to the court he shall be entitled to a jury trial, but that "the appeal shall be tried without formal pleadings in writing." Code, sec. 4990. If the accused may be tried without a warrant in the first instance, unless demanded, if abundant opportunity is afforded to correct the warrant where one has been issued (Code, sec. 4989), and in either event the appeal is to be tried "without formal pleadings in writing," it would seem to be very plain that this court ought not to reverse the judgment of the trial court

simply because the warrant failed to allege the venue of the offense.

[8] It is said in the reply brief that the warrant did not charge the commission of any crime under the laws of this State. It is sufficient answer to quote section 4533 of the Code, which is as follows:

"If any person, whether a passenger or not, shall, while in any car or caboose, or on any part of a train carrying passengers or employees of any railroad or street passenger railway, behave in a riotous or disorderly manner, he shall be guilty of a misdemeanor. The agent or employees in charge of the train, car, or caboose, may require such person to discontinue his riotous or disorderly conduct, and if he refuses to do so may eject him, with the aid, if necessary, of any other persons who may be called upon for the purpose."

The judgment of the trial court will be affirmed.

*Affirmed.*