# Wytheville.

## THRIFT v. COMMONWEALTH.

### June 15, 1922.

1. EXCEPTIONS, BILL OF—*Time of Filing—Computation of Time.*—The date on which the final judgment was rendered is to be counted as one of the sixty days within which bills of exceptions must be signed.

2. EXCEPTIONS, BILL OF—*Time of Filing—Jurisdiction of Judge After Expiration of Time.*—The trial judge is without jurisdiction to sign a bill of exceptions after the expiration of sixty days after the final judgment is entered.

3. APPEAL AND ERROR—*Searches and Seizures—Evidence Obtained by Illegal Search.*—In a prosecution for violation of the prohibition act, the claim that evidence was used against the accused which was obtained by an illegal search is not sustained by the record, where in the bill of exceptions which was taken no objection was made on account of an illegal search, and the search warrant was "produced and filed in the case" without objection or exception of any kind.

Error to a judgment of the Circuit Court of Arlington county.

*Dismissed.*

The opinion states the case.

*T. Morris Wampler,* for the plaintiff in error.

*John R. Saunders, Attorney-General; J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

Only one error is assigned in the petition for the writ of error, and that is dependent upon the exception taken at the trial. Under date of October 31, 1921, the record shows a verdict and judgment against the plaintiff in error, a motion to set aside the verdict, and that the motion was overruled, and that to this action of the court the prisoner by counsel "excepted and tendered his bill of exceptions which was signed, sealed and enrolled and made a part of the record in this case." But no such bill of exception appears in the record. Only one bill of exception appears in the record, and that is one hereinafter referred to, dated December 30, 1921, and contains all the evidence in the case, and the following exception to evidence: "At the conclusion of the evidence of A. C. Clements, the Commonwealth offered in evidence several of the containers, crates and cartons, together with their contents, to the introduction of which counsel for defendant objected, which objection of the defendant the court overruled, to which ruling of the court the prisoner excepted."

[1-3] Final judgment was pronounced in the cause on October 31, 1921, and the bill of exception was not signed and made a part of the record till December 30. This was not within sixty days of the final judgment, as prescribed by section 6252 of the Code. The date on which the final judgment was rendered is to be counted as one of the sixty days. *Kelly* v. *Trehy, ante* p. 160, 112 S. E. 757, decided at this term, and cases cited. Thus counting, there was one day in October, thirty in November and twenty-nine in December. The sixty days expired on the last mentioned date. December 30th, when the bill was signed, was the sixty-first day. The trial judge was without jurisdiction to sign the bill of exception on December 30th. *Bragg* v.

*Justis,* 129 Va. 354, 106 S. E. 335; *Exporters* v. *Butterworth,* 257 U. S. —, 42 Sup. Ct. 331, 66 L. Ed. —. But even if we could look to the bill of exception, the record does not disclose error to the prejudice of the accused. The claim that evidence was used against the accused which was obtained by an illegal search is not sustained by the record. In the bill of exception which was taken, no objection was made on account of an illegal search. The search warrant was "produced and filed in the case" without objection or exception of any kind. There is no evidence of its illegality or informality, and we will not presume it sixty days after final judgment; and the evidence sufficiently discloses that what was found and offered in evidence was corn whiskey.

The writ of error will be dismissed as improvidently awarded.

*Dismissed.*