# Wytheville.

## PEMBROKE LIMESTONE WORKS v. COMMONWEALTH, ET ALS.

### June 19, 1924.

1. APPEAL AND ERROR—*Question Dependent on Evidence—Bill of Exceptions: not Filed in Time.*—On application to correct an erroneous assessment, the error alleged was a double assessment. It was claimed that the plant in question was assessed as capital in the city of Roanoke and was also listed in the county of Giles. If this was true, it could only be made to appear by evidence introduced for that purpose; and as the bills of exception were not tendered and signed within the time allowed by section 6252 of the Code of 1919, the evidence introduced at the hearing was no part of the record, and could not be considered on appeal, and the judgment of the trial court upholding the assessment was sustained. The defendant in error made a motion to dismiss the writ because the bills of exception were not signed within the time required by law.

2. EXCEPTIONS, BILL OF—*Time of Tendering and Signing—Extension of Time by Consent.*—A stipulation extending to ninety days the time within which to prepare bills of exceptions and have the same signed by the court is unavailing, as under section 6252 of the Code of 1919, the sixty days allowed cannot be increased by consent entered of record.

3. EXCEPTIONS, BILL OF—*Exceptions not Signed no Part of Record.*—Bills of exception not filed within the time prescribed by section 6252 of the Code of 1919 are no part of the record and cannot be considered by the Supreme Court of Appeals.

4. TAXATION—*Application to Correct Erroneous Assessment—Allegations of Application not Denied—Truth of Allegations not Assumed.*—An application for the correction of an erroneous assessment was made by a petition setting forth all the facts. The application was defended by the Commonwealth's attorney, and evidence was introduced by both sides, and the case decided on its merits. But as there was no answer to the petition, it was contended that the allegations of the petition must be taken as true:

   *Held:* That no such effect could be given to the petition, as the assessment is presumed to be correct until the contrary is shown, and the burden is on the applicant to show its incorrectness.

Error to a judgment of the Circuit Court of Giles county, on an application to correct an erroneous assessment. Judgment for defendants. The applicant assigns error.

*Affirmed.*

The opinion states the case.

*M. P. Farrier* and *H. T. Hall,* for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys-General,* and *William B. Snidow,* for the defendants in error.

BURKS, J., delivered the opinion of the court.

[1] This was an application to correct an alleged erroneous assessment of a stone crushing plant located in Giles county. The error alleged is a double assessment. It is claimed that the whole value of the plant was assessed as capital in the city of Roanoke, where the principal office of the company is located, and that it is also listed on the mineral land book of Giles county. If this be true, it could only be made to appear by evidence introduced for that purpose. But the evidence introduced at the hearing is no part of the record. Final judgment was entered in the cause on September 21, 1923, and the bills of exception were not tendered and signed till December 14, 1923, more than sixty days after the entry of the judgment.

[2] It is true that, at the end of the final order, there is this memorandum: "Memo. By agreement of parties, the applicant, Pembroke Limestone Works, is allowed ninety days in which to prepare its bill of exceptions and have same signed and sealed by the court;" but the agreement was unavailing.

Section 6252 of the Code provides that "any bill of exception may be tendered to the judge and signed by him, at any time before final judgment is entered, or within sixty days from the time at which such judgment is entered." In the revisors' notes to this section it is said: "It should be observed that sixty days are given instead of thirty, as was the case formerly, but that the time may not be increased by consent entered of record. It was thought that this period would be sufficient for all purposes, and that by making it a fixed, definite, unchangeable period, difficulties formerly encountered would be obviated."

[3] We have uniformly held that bills of exception not filed within the time prescribed by section 6252 of the Code were no parts of the record, and could not be considered. *Bragg* v. *Justis*, 129 Va. 354, 106 S. E. 335; *Kelly* v. *Trehy*, 133 Va. 160, 112 S. E. 757; *Harley* v. *Commonwealth*, 131 Va. 664, 108 S. E. 648; *James* v. *Commonwealth*, 133 Va. 723, 112 S. E. 761; *Rea* v. *Commonwealth*, 135 Va. 714, 115 S. E. 381.

[4] The plaintiff in error seeks to avoid the effect of the foregoing conclusion by saying that the application for the correction was made by the petition in writing, setting out all the facts, and that as there was no answer to the petition its allegations must be taken as true. No such effect can be given to the petition. The assessment is presumed to be correct until the contrary is shown, and the burden is on the applicant to show its incorrectness.

"Like the judgment of a court having jurisdiction of the subject matter and of the parties, the determination of the assessing officer, evidenced by his return of his assessment in due form, of property having its situs for taxation in his territory, is *prima facie* correct and valid

in all respects." *Union Tanning Co.* v. *Commonwealth,.* 123 Va. 610, 633, 96 S. E. 780, 786.

The statute requires the proceeding to be commenced by an application filed by the applicant, and that the attorney for the Commonwealth shall defend the application, but no formal pleadings are required, and none are generally used. The final order entered in the cause shows that the application was defended by the attorney for the Commonwealth, that evidence was introduced by both parties, and the case was decided on its merits by the trial court. The final order, after reciting that the application was "defended by D. J. Chapman, Commonwealth's attorney for Giles county," states:

"On consideration whereof, and of the evidence produced before the court by both parties, the said W. A. Rowe, the commissioner who made said entries and extended said taxes and levies thereon, having been examined as a witness, the court is of opinion that the applicant, Pembroke Limestone Works, is not entitled to any of the relief asked for, and that its said petition and application be, and the same is, hereby dismissed * * ."

The defendant in error made a motion to dismiss the writ of error because the bills of exception were not signed within the time required by law. In the absence of the bill of exception containing the evidence, the judgment of the trial court appears to be plainly right, and will, therefore, be affirmed.

*Affirmed.*