## Staunton.

### VESTER MORRIS, HAYES MORRIS AND CHARLEY HALL v. COMMONWEALTH.

#### September 23, 1926.

1. INTOXICATING LIQUORS—*Indictment*—*"Feloniously"*—*Indictment Charging only a Misdemeanor*—*"Feloniously" Treated as Surplusage.*—In the instant case, a prosecution for the violation of the prohibition act, the indictment charged that accused "did unlawfully and feloniously manufacture, transport, sell," etc., "ardent spirits." It was contended that the indictment charged the commission of a felony, prior to the date of the Layman act (Acts of 1924, page 593) which made the manufacture of ardent spirits a felony. The offense of manufacturing ardent spirits prior to the Layman act was a misdemeanor. Under the Layman act it is likewise a misdemeanor to unlawfully manufacture ardent spirits except *distilled* ardent spirits.

   *Held:* That as the indictment did not charge that accused manufactured *distilled* ardent spirits the offense charged was a misdemeanor. The mere fact that the indictment contained the word "feloniously" did not make the indictment an indictment for a felony as the word "feloniously" would be treated as surplusage.

2. EXCEPTIONS, BILL OF—*Time of Signing.*—Unless it affirmatively appears that the bills of exception were signed within the time prescribed by law, sixty days from the date of entry of the final judgment, they cannot be considered by the appellate court.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed.*

The opinion states the case.

*D. F. Kennedy* and *W. W. G. Dotson,* for the plaintiff in error.

*John R. Saunders,* Attorney General, *Leon M. Bazile* and *Lewis H. Machen,* Assistant Attorneys General, for the Commonwealth.

WEST, J., delivered the opinion of the court.

The plaintiffs in error, Vester Morris, Hayes Morris and Charley Hall, were convicted of violating the prohibition law and sentenced to pay a fine of $100 each and serve a term of sixty days in jail.

The indictment, which was returned July 28, 1924, contained two counts. The first is in the blanket form provided by statute, and charges that the accused, *within one year next prior to the finding of this indictment*, "did unlawfully and feloniously manufacture, transport, sell, offer, keep, store and expose for sale, give away * * ardent spirits." The second count charged that the accused "did unlawfully transport ardent spirits from one point to another in this State."

Upon request that he furnish a bill of particulars, the attorney for the Commonwealth announced that he would try the defendants on the charge of manufacturing ardent spirits.

The accused contend that it was not a felony to manufacture ardent spirits prior to June 18, 1924, and that, as the indictment charges the commission of a felony prior to that date, no conviction can be had thereunder.

[1] The offense of manufacturing ardent spirits prior to the taking effect on June 18, 1924, of the act of Assembly, approved March 20, 1924 (Acts 1924, p. 593), commonly called the Layman act, was a misdemeanor. Under the Layman act it is likewise a misdemeanor to unlawfully manufacture ardent spirits, except *distilled* ardent spirits. The indictment failing to charge that the accused manufactured *distilled* ardent spirits, the offense charged is a misdemeanor, whether it was committed before or after June 18, 1924. The mere fact that the indictment contains the

word "feloniously" does not, in view of the language of the statute, make the indictment an indictment for a felony, and the word "feloniously" will be treated as surplusage.    The accused were convicted of and punished for a misdemeanor, under an indictment which charged only a misdemeanor.

A proper disposition of the remaining assignments of error depends upon the evidence.

[2] The judgment complained of was entered on June 30, 1925.    There are two bills of exception in the record, but neither one is dated, and there is nothing elsewhere in the record which shows when they were signed by the trial judge.    Unless it affirmatively appears that the bills of exception were signed within the time prescribed by law, sixty days from the date of entry of the final judgment, they cannot be considered by the appellate court.

In *Pembroke Limestone Works* v. *Commonwealth,* 139 Va. 272, 123 S. E. 334, the court said: "We have uniformly held that bills of exception not filed (signed) within the time prescribed by section 6252 of the Code were no part of the record, and could not be considered."    Citing *Bragg* v. *Justis,* 129 Va. 354, 106 S. E. 335; *Kelly* v. *Trehy,* 133 Va. 166, 112 S. E. 757; *Hardy* v. *Commonwealth,* 131 Va. 664, 108 S. E. 648; *James* v. *Commonwealth,* 133 Va. 723, 112 S. E. 761; *Rhea* v. *Commonwealth,* 135 Va. 714, 115 S. E. 381.

The evidence being no part of the record, we cannot say the verdict is contrary to the evidence or without evidence to support it.    The judgment is presumed to be correct and will be affirmed.

*Affirmed.*