Statement.

# Wytheville.

## TYLER N. CARLESON V. COMMONWEALTH.

### June 14, 1928.

### Argued and submitted before Judge Holt took his seat.

1. JURY—*Number of Jurors—Whether Indictment for Violating the Prohibition Law Charged a Felony or a Misdemeanor.*—An indictment charged accused with unlawfully selling ardent spirits, and with unlawfully keeping, storing and exposing ardent spirits for sale, and with unlawfully manufacturing, selling, offering, keeping, storing and exposing for sale, giving away, transporting, dispensing, soliciting, advertising and receiving orders for ardent spirits. Accused was tried by a jury of five. Accused claimed that the trial court erred in refusing to empanel a jury of twelve, as he asserted that the indictment charged a felony.

   *Held:* That the indictment was for several misdemeanors and did not charge a felony requiring a trial by a jury of twelve

2. INTOXICATING LIQUORS—*Indictment—Manufacturing "Distilled Ardent Spirits."*—An indictment charging accused with manufacturing "distilled ardent spirits" charges a felony.

3. EXCEPTIONS, BILL OF—*Time of Signing—Case at Bar.*—Assignments of error cannot be considered where the bills of exceptions were not signed within sixty days from the time at which judgment was entered, as required by section 6252 of the Code of 1919. In the instant case when the bills were first presented there had been no notice in writing to opposing counsel of the intention to apply to the judge to sign the bills, and so they could not be legally signed. When this defect had been cured and the bills were again presented, the time had expired, therefore, the assignments of error could not be considered.

Error to a judgment of the Circuit Court of Lancaster county.

*Affirmed.*

The opinion states the case.

*T. J. Downing* and *R. O. Norris, Jr.*, for the plaintiff in error.

*John R. Saunders*, *Attorney-General*, *Leon M. Bazile* and *Edwin H. Gibson*, *Assistant Attorneys-General*, for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The plaintiff in error is here complaining of his conviction of a misdemeanor.

He assigns two errors.   The first of these is that he was tried by a jury of five for a misdemeanor, and that the court refused to empanel a jury of twelve, his claim being that he was indicted and should have been tried for a felony.

[1, 2] The indictment charged him with unlawfully selling ardent spirits, and with unlawfully keeping, storing and exposing ardent spirits for sale, and with unlawfully manufacturing, selling, offering, keeping, storing and exposing for sale, giving away, transporting, dispensing, soliciting, advertising and receiving orders for ardent spirits.   That this is an indictment for several misdemeanors is no longer questioned here, and for this it is only necessary to cite the case of *Morris* v. *Commonwealth*, 145 Va. 880, 134 S. E. 567. If he had been charged with manufacturing "distilled ardent spirits," this would have been a charge of felony.   The trial court properly held that while the indictment charged several misdemeanors, it did not charge a felony.

The second assignment of error is based upon the refusal of the court to set aside the verdict and grant the accused a new trial for insufficiency of the evidence to support the conviction.

[3] This assignment cannot be considered because the bills of exceptions were not signed within sixty days from the time at which the judgment was entered, as required by Code, section 6252. The facts are, that when first presented there had been no notice in writing to opposing counsel of the intention to apply to the judge to sign these bills, and so they could not be legally signed. *Scholz* v. *Standard Accident Ins. Co.,* 145 Va. 699, 134 S. E. 728. When this defect had been cured and the bills were again presented, the time had expired. This is jurisdictional, as we have frequently held, and no further discussion is either appropriate or necessary. *Bragg* v. *Justis,* 129 Va. 354, 106 S. E. 335; *Kelly* v. *Trehy,* 133 Va. 160, 112 S. E. 757; *Rae* v. *Commonwealth,* 135 Va. 714, 115 S. E. 381; *James* v. *Commonwealth,* 133 Va. 723, 112 S. E. 761; *Thrift* v. *Commonwealth,* 133 Va. 800, 112 S. E. 770; *Pembroke Limestone Works* v. *Commonwealth,* 139 Va. 270, 123 S. E. 334.

The trial judge, however, did sign the bill of exceptions and certify the evidence. An inspection thereof shows that the result would have been the same if we were allowed to consider it. There is a hopeless conflict in the testimony, but that offered for the Commonwealth, which the jury credited, is quite sufficient to support the conviction.

*Affirmed.*