# Richmond

## LUCY RINGSTAFF V. METROPOLITAN LIFE INSURANCE COMPANY.

March 14, 1935.

Present, All the Justices.

The opinion states the case.

*Hugh T. Williams* and *Ida Mandle,* for the plaintiff in error.

*Grasty Crews* and *Harris, Harvey & Brown,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

This is an action growing out of the same group policy issued by the Metropolitan Life Insurance Company to Riverside and Dan River Cotton Mills, Incorporated, which we have had occasion to consider in the case of *Metropolitan Life Insurance Co.* v. *Cole,* 163 Va. 906, 178 S. E. 43, and *Amanda Collins* v. *Metropolitan Life Insurance Co.,* 163 Va. 833, 178 S. E. 40, decided January 17, 1935.

William J. Ringstaff was an employee of the Cotton Mills. His wife, Lucy Ringstaff, was designated as beneficiary in his certificate of insurance. There was a jury trial. The plaintiff recovered a verdict for $321, disability benefits, which the trial court on motion set aside as contrary to the law and evidence.

Final judgment was entered on July 25, 1933. Due notice was given counsel for the defendant that on September 23, 1933, plaintiff, by counsel, would apply for a transcript of the record, and would tender her bills of exception to the trial judge. Code, section 6252, as amended by Acts 1930, chapter 246, provides that bills of exception may be tendered to the judge within sixty days from the time at which final judgment is entered.

By an act of the legislature (Acts 1932, chapter 31, page 24), provision is made as to the manner in which time shall be computed. It reads: "Where a statute requires a notice to be given, or any other act to be done, a certain time before any motion or proceeding, there must be that time, exclusive of the day for such motion or proceeding, but the day on which such notice is given, or such act is done,

may be counted as part of the time; but where a statute requires a notice to be given or any other act to be done within a certain time after any event or judgment, that time shall be allowed in addition to the day on which the event or judgment occurred."

September 23, 1933, was therefore the last day on which these bills could be tendered to the trial judge. This we understand is not questioned, and so we are to determine if they were, as a matter of fact, tendered on that day. The judge himself tells us what was then done:

### "STATEMENT OF FACTS.

"Plaintiff having tendered to the court certain bills of exception in this case, and the court entertaining doubt as to whether said bills of exception were filed within the proper time, which doubt, however, it has been decided to resolve in plaintiff's favor, and the court desiring to set forth fully the facts in connection with the filing of said bills of exception, doth certify as follows:

"That the judge of the Corporation Court of Danville had been holding court daily during the week beginning September 18, 1933, and up until six o'clock p. m., on September 22, 1933; that on Saturday, September 23rd, on account of certain medical treatments the judge did not come to his office; that the plaintiff's attorney states, and the court assumes that said statement is correct, that she phoned his residence on the 23rd of September and was advised by a servant that the judge was asleep, was sick, and could not be disturbed. The bills of exception were filed with the clerk of this court on September 23rd, and were not delivered to the judge until the morning of September 25th. That no notice was given to the judge by plaintiff's attorney that the bills would be filed on the 23rd, and no effort made to ascertain whether the judge would be available on that date.

"Given under my hand this the 27th day of September, 1933.

"HENRY C. LEIGH, Judge."

For reasons indicated these bills were not tendered to the judge on September 23rd but were on that day filed in the clerk's office.

Affidavits have been filed showing that it was the custom in Danville for the judge to consider matters of this kind in chambers at the court house on Saturdays, days set apart for that purpose. These bills were not tendered to him within the time provided by statute, but were afterwards received and signed under conditions noted.

The right of appeal is not a part of due process of law and does not lie unless jurisdiction is conferred by our Constitution or by statute. *Taylor* v. *Smith,* 140 Va. 217, 124 S. E. 259; *Richmond Cedar Works* v. *Harper,* 129 Va. 481, 106 S. E. 516.

The jurisdiction of this court rests wholly upon written law—that is, upon our Constitution and upon statutes passed in pursuance thereof. *Tyson* v. *Scott,* 116 Va. 243, 81 S. E. 57.

Sometimes the right of appeal is directly conferred by our Constitution. For example a transportation company can appeal from an order of the State Corporation Commission fixing rates, subject to reasonable rules of procedure. Constitution, section 156. At times it is in a large measure left to legislative control and to this court itself, which may grant or refuse appeals. Constitution, section 88. But in every instance the legislature is left free to adopt reasonable rules of procedure.

Procedure in ordinary cases is provided for in Code, section 6252, as amended by Acts 1930, chapter 246. The bills of exception (or certificates) are to be tendered to the judge within sixty days from the date of final judgment, who shall endorse thereon the date upon which they were so tendered. If it appears in writing that the opposing counsel or his attorney had reasonable notice, and if in them the truth be fairly stated, it becomes the judge's duty to sign them within seventy days from said judgment date. When signed they are to be forthwith delivered, or transmitted, to the

clerk of the proper court, and thereupon become a part of the record.

In *Mandeville* v. *Perry,* 6 Call (10 Va.) 78, we are told what makes up a proper record in a common-law case. It is made up of "the writ, for the purpose of amending by, if necessary. The whole pleadings between the parties. Papers of which a profert is made, or oyer demanded. And such as have been specially submitted to the consideration of the court by a bill of exceptions, a demurrer to evidence, or a special verdict, or are inseparably connected with some paper or evidence so referred to. These, with the several proceedings at the rules, or in court, until the rendition of the judgment, constitute the record in common-law suits, and are to be noticed by the court, and no others."

Bills of exception bring into it matters which cannot otherwise properly appear, as for example, evidence or instructions, but which are generally necessary when we come to pass upon the correctness of a judgment. They are a part of the procedure intended to bring before the appellate court a correct appreciation of all that was done in the court below, although not always necessary to its judgment. A declaration may state no cause of action and so a judgment based upon it should be reversed, independent of all which could only by bill appear. There might be no such bill or such a bill might be tendered and signed too late. The results would be the same. This court would have jurisdiction and might render judgment. It is not always necessary that we examine the evidence, but in jury trials it usually is, and certainly is where any fact is in issue.

We have frequently said that the signing of a bill of exceptions within the time provided for by statute is a jurisdictional prerequisite. *Omohundro* v. *Palmer,* 158 Va. 693, 164 S. E. 541; *Carleson* v. *Com.,* 150 Va. 602, 143 S. E. 696; *Bragg* v. *Justis,* 129 Va. 354, 106 S. E. 335; and in *Pembroke Limestone Works* v. *Com.,* 139 Va. 270, 123 S. E. 334, it was held that this time could not be extended by consent.

In *Anderson* v. *Com.,* 105 Va. 533, 54 S. E. 305, it was

held that a bill of exceptions not signed by the judge within the statutory time could not be considered a part of the record. This was overruled by *Conway* v. *Com.*, 118 Va. 792, 88 S. E. 75, where it was said that when one had done all that he was required to do, and where delay was due to the failure of the judge to act, mandamus would lie to compel signature. To the same effect is *Mitchell* v. *Com.*, 140 Va. 572, 125 S. E. 311.

The Code of 1887, section 3385, prescribed no time within which bills should be tendered or signed. This was amended at a special session of the legislature of 1901, Acts 1901, chapter 172, page 186, where it was said that a bill of exceptions might be tendered and signed within thirty days after the end of the term in which judgment was entered, or at such other times as the parties by consent entered of record might agree upon. This right to consent was taken away by the Code of 1919, section 6252, and a definite sixty day period was substituted. It is a procedural prerequisite. The bills must be tendered within sixty days to the trial judge although he is given an additional ten day period in which to examine and sign them, and this is the present law. Acts 1934, chapter 90, page 96.

With this in mind it is still necessary that the provisions of the statute be observed where possible. A litigant must be alert to comply with these requirements and if he waits until the last minute in which to present his bill he assumes such risks as are incident to his delay. Time, originally indefinite, has been made definite, and, as we have seen, cannot be extended by consent. This limitation is wholly reasonable and has been found to be necessary in the orderly and prompt disposition of litigation.

Coming back to the instant case we find that the plaintiff's counsel went to the judge's office, found that he was not there and telephoned to his home. They were told that he was sleeping, sick, and could not be disturbed. No further effort to present these bills was made but they were content to leave them in the clerk's office. This was not enough. We do not know the character of the judge's ill-

ness, and for all that the record shows he may have been able to attend to ordinary affairs in the afternoon of that day. He might have been seen. It does not appear that he was seriously sick.

Our conclusion is that he was without power to sign these bills in judgment in that they were tendered too late.

Since the evidence is not in the record we cannot say that the judge was in error when he set the verdict aside as unsupported by it. It follows that the judgment of the trial court should be affirmed, and it is so ordered.

*Affirmed.*

BROWNING, J., dissenting.