# CRIMINAL CASES.

## Staunton.

### AGNER v. COMMONWEALTH.

#### September 15, 1904.

1. CRIMINAL LAW—*Buena Vista—Jurisdiction of .Mayor.*—The criminal jurisdiction of the Mayor of the city of Buena Vista is the same as that of justices of the peace of that city, and neither extended, at the time of the supposed offence alleged in this case, beyond the city limits. Sections 1032 and 1033 of the Code (the latter as amended by Acts 1893-'4, p. 664) applied, at the date of the warrant of arrest in this case, to *towns* only, and not to *cities.*

2. CITY CHARTER—*Existence as a City—Collateral Attack.*—When the Legislature of the State has granted a city charter to a community, it must be assumed that its discretion in that respect has been properly exercised, and its status as such is not amenable to collateral attack.

Error to a judgment of the Corporation Court of the city of Buena Vista, rendered on an appeal from a judgment of a justice of the peace of said city, imposing a fine and imprisonment on the plaintiff in error for selling liquor within two miles of the corporate limits of said city.

*Reversed.*

The opinion states the case.

*Hugh A. White,* for the plaintiff in error.

*Attorney-General William A. Anderson* and *John S. Eggleston,* for the Commonwealth.

Opinion.

WHITTLE, J., delivered the opinion of the court.

This case is as follows: On the 30th of March, 1903, the mayor of Buena Vista issued a warrant against the plaintiff in error, Alfred Agnew, for the violation of an act of the General Assembly, approved February 17, 1898, prohibiting the sale of spirituous and intoxicating liquor within two miles of the corporate limits of the city. Acts 1897-98, p. 401.

At the trial, the accused was found guilty, and his punishment fixed at a fine of $200 and imprisonment in jail for six months. On appeal from that judgment to the Corporation Court, the verdict and judgment under review, imposing a fine of $200 upon the accused, were rendered.

In the first assignment of error it is insisted that the mayor of Buena Vista has no criminal jurisdiction outside the corporate limits of the city; that his action in issuing and trying the warrant on which the judgment in question was rendered is, therefore, *ultra vires* and void, and that the trial court should have so held and quashed the warrant.

The charter of Buena Vista provides that the mayor "shall possess all jurisdiction and exercise all power and authority in criminal cases of a justice of the peace of said city." Acts 1891-2, p. 336, sec. 7. The charter also provides for the election of two justices of the peace, who "shall be conservators of the peace within the limits of the corporation . . . . and shall have the same power and duties within said limits . . . . as are provided by law in respect to justices of the peace in counties of this State, in their respective counties." Acts 1891-2, p. 380, sec. 49. Section 49 was subsequently amended so as to read as follows: "The said justices shall have the same jurisdiction, exercise the same powers, and perform the same duties as are prescribed by the general laws of the State with reference to justices of cities and towns. Acts 1893-4, pp. 113-114, sec. 49.

The court's attention has been directed to no *general law* of the State, and it is aware of none, which, at the date of the warrant, extended the territorial jurisdiction of justices of cities and towns beyond the corporate limits of such cities. There is, however, a general statute defining what criminal offences police justices and justices of the peace may try; therefore, the amended charter must have had reference to the offences of which justices are given cognizance. In other words, it refers to the objects, or subject matter, of their jurisdiction and not to the territorial extent of it. Indeed, their territorial jurisdiction was expressly left intact by the then existing general laws of the State, for the statute limited their power to try misdemeanors to such as occurred "within their jurisdiction," the scope of which it did not enlarge. V. C., sec. 4106, as amended, Acts 1899-1900, p. 838, sec. 4106.

The contention that sections 1032 and 1033 of the Code (the latter as amended, Acts 1893-4, p. 664) constitute the "general law" contemplated by the amended charter, and conferred jurisdiction upon the mayor of Buena Vista within one mile of the corporate limits, cannot be successfully maintained. As remarked, the amendment refers to a general law applicable to *"cities and towns,"* whereas those sections in terms apply only to *towns.*

For the purpose of bringing the case within the influence of those sections, it is alleged that Buena Vista contains less than five thousand inhabitants, as shown by the last census, of which fact the court should take judicial notice, and is, therefore, a town and not a city, as defined by section 5, clause 16, of the Code.

It is sufficient to observe with respect to that contention, that Buena Vista has been chartered as a city by the Legislature, and that its status as such is not amenable to collateral attack.

In the case of *Kuhn* v. *Port Townsend* (Supreme Court of

Washington), it is held that "the right of a municipal corpora-
tion to exercise the authority, powers and functions of an in-
corporated city can be questioned only in a direct proceeding
prosecuted by the proper public officers, and not by private
action for an injunction against tax." 41 Pac. 925, 29 L. R.
A. 449, 50 Am. St. 911.

The court in that case quotes with approbation the following
language from the opinion of the court in the case of *Atchison,
T. & S. F. R. Co.* v. *Wilson,* 33 Kan. 223, 6 Pac. 281: "To
maintain this suit and defeat the tax complained of, the plain-
tiff must establish, and the court must determine, that the or-
ganization of the district is illegal. This cannot be done in the
present action. The legality of the organization cannot be
questioned in a collateral proceeding, nor at the suit of a pri-
vate party. The organization cannot be attacked, nor any
action taken affecting the existence of the corporation, except
in a direct proceeding, prosecuted at the instance of. the State
by the proper public officer."

So, in the case of *Clement* v. *Everest,* 29 Mich. 19, it is said:
"It would be dangerous and wrong to permit the existence of
municipalities to depend on the result of private litigation.
Irregularities are common and unavoidable in the organization
of such bodies; and both law and policy require that they should
not be disturbed, except by some direct process, authorized by
law, and then only for very grave reasons."

Where the Legislature of the State has granted a city char-
ter to a community, it must be assumed that its discretion in
that regard has been properly exercised. "If evidence was re-
quired, it must be supposed that it was before the Legislature
when the act was passed, and if any special finding were re-
quired to warrant the passage of the particular act, it would
seem that the passage of the act itself might be held equivalent
to such finding." Cooley's Const. Lim. (7th Ed.), pp. 257,

258.  The foregoing proposition is too generally recognized and established to render it necessary to multiply authorities in support of it.

The correctness of the court's ascertainment of the state of the law, at the time of the alleged offence and issuance of the warrant, is accentuated by the circumstances that legislation was subsequently found necessary to invest the authorities of *cities* with the territorial jurisdiction contended for on behalf of the Commonwealth in this case.   Accordingly, it appears that by an act approved May 17, 1903, amending and re-enacting chapter 44 of the Code, the criminal jurisdiction of the corporate authorities of each town or *city* is extended one mile beyond the corporate limits.   Acts 1902-3-4, sec. 1032, p. 422.

It follows from what has been said that the mayor of Buena Vista was without jurisdiction to issue or try the warrant in question.

This view of the case renders a consideration of the remaining assignments of error unnecessary.

For these reasons, the judgment complained of must be reversed; and this court, proceeding to enter such judgment as the Corporation Court ought to have entered, will direct the warrant to be quashed, and all subsequent proceedings to be dismissed.

*Reversed.*