FLINT v. COMMONWEALTH.

November 21, 1912.

1.  CRIMINAL LAW—*Warrants—Statement of Offense.*—The same exactness and precision is not required in the statement of a criminal offense in a warrant from a justice of the peace as in the more formal proceedings by information or indictment.
2.  CRIMINAL LAW—*Objections After Verdict—Informality of Warrant.* On an appeal from a justice of the peace to a corporation court, the court has ample power, under section 4107 of the Code, to correct any formal objections there may be to the warrant, and the accused cannot be permitted to go to trial upon such a warrant, and, after verdict and judgment, for the first time object to informalities in the warrant.
3.  CRIMINAL LAW—*Verdict—Judgment at Subsequent Term.*—Where no judgment is entered on a verdict in a criminal case at the term at which the verdict is rendered, judgment may be entered at a subsequent term, and such judgment is not strictly a *nunc pro tunc* judgment. The prosecution is still pending until judgment is rendered.
4.  APPEAL AND ERROR — *Leading Questions — Discretion of Trial Court.*—While this court will not go so far as to say that it will not reverse because a leading question has been improperly propounded to a witness which was duly excepted to, yet trial courts are clothed with a large discretion in such matters which this court will not lightly undertake to control, and, in the case in judgment, there does not appear to be such prejudicial error to the accused as to warrant a reversal.
5.  CRIMINAL LAW—*Jurisdiction of Cities and Towns.*—Under the express provisions of section 1032 of the Code (1904) the jurisdiction of the corporate authorities of each town and city, in criminal matters, extends one mile beyond the corporate limits of such town or city.

Error to a judgment of the Corporation Court of the city of Buena Vista.

*Affirmed.*

The opinion states the case..

*Hugh A. White,* for the plaintiff in error.

*Samuel W. Williams, Attorney-General,* for the Commonwealth.

KEITH, P., delivered the opinion of the court.

A warrant was issued by the mayor of Buena Vista, which charged "that Marion Flint, on the 23rd day of April, 1911, within one mile of the corporate limits of the said city, and within the jurisdiction of said mayor of said city, did unlawfully sell, by retail, at his residence in West Buena Vista, Virginia, within one mile of the corporate limits of said city," wine, ardent spirits, malt liquors and mixtures thereof to John Turner, he the said Marion Flint not then and there having a license from the State of Virginia so to do. Upon this warrant he was arrested, tried, found guilty, a fine assessed against him of $50 and costs, and he was further required to give a bond in the penalty of $500 not to violate the statute under which he was being tried within the period of twelve months.

Flint appealed to the Corporation Court of the city of Buena Vista, where he was tried before a jury on the 7th day of August, 1911, found guilty, and his fine assessed at $50; and thereupon the court, in addition to the fine, sentenced the accused to be imprisoned for thirty days, and to renew his bond in the penalty of $500.

No judgment was entered upon the verdict at the term of court at which it was rendered, but at the October term the attorney for the Commonwealth moved the court to enter judgment on the verdict rendered by the jury at the former term which, by inadvertence, the court had omitted to do, to which motion the defendant objected; the court

sustained the motion and proceeded to enter judgment *nunc pro tunc,* and thereupon the defendant moved in arrest of judgment and to vacate the judgment, which motion the court overruled and the defendant again excepted. During the trial several objections were made by the defendant, all of which were overruled, and a writ of error having been awarded to the final judgment of the corporation court, we will consider the errors assigned.

It is insisted that the motion in arrest of judgment should have been sustained (1) because the court was without jurisdiction to try and hear the cause; (2) because there was no sufficient warrant upon which to base a charge or conviction; and (3) because there was no sufficient judgment either to pay any fine or to be confined in jail.

We will first consider the sufficiency of the warrant. We are by no means satisfied that the warrant is not in due form. As has been said by this court frequently, the same exactness and precision is not required in the statement of an offense where it is to be heard upon a warrant as in more formal proceedings by information or indictment. In this case it appears, further, that the defendant made no objection whatever to the form of the warrant in the corporation court. Had he then objected, whatever formal defects may have appeared in the warrant could have been cured.

As was said in *Robinson* v. *Commonwealth,* 111 Va. 844, 69 S. E. 518, "Under the broad powers conferred upon the trial court, by section 4107 of the Code, it was entirely competent for the court, of its own motion, pending the trial of an appeal from the justice of the peace, to direct the attorney for the Commonwealth to change the warrant from an attempt to commit larceny of oats to an attempt to obtain money by false pretenses. While it would have been more regular, perhaps, to have directed the

change to have been made before the trial began, yet where the prisoner did not ask for a continuance, and there is nothing to indicate that he was prejudiced by the amendment during the trial, the irregularity is harmless."

We think, therefore, that if there were formal objections to the warrant, the court had ample power, under the statute, to amend it, and that the accused cannot be permitted to go to trial upon a warrant which the court had full power to amend and after verdict and judgment, for the first time, to make known his objection.

With respect to the judgment entered by the corporation court there is no irregularity. The court had full authority to enter the judgment upon a verdict rendered at a preceding term. The court speaks of it as a *nunc pro tunc* order—and in a certain sense it was; that is, it was the entry of a judgment at the October term which the court might have entered at a former term; but in effect it was in the exercise of its ordinary jurisdiction. The prosecution had, indeed, proceeded to a verdict, but until judgment was rendered it was a pending action, upon which it was the duty of the court to render judgment, unless it had seen fit for good cause to set it aside. *Cleek* v. *Commonwealth*, 21 Gratt. (62 Va.) 780.

It is assigned as error that the court erred in permitting improper questions and improper evidence, as set forth in bills of exceptions Nos. 1 and 2.

While we will not go so far as to say that this court will not reverse because a leading question has been propounded to a witness which was duly excepted to, we do reiterate that the trial courts are clothed with a large discretion in such matters, which this court will not lightly undertake to control; and the exceptions under consideration do not disclose a case of error prejudicial to the defendant which warrants a reversal of the judgment.

Nor do we think that the trial court erred in refusing

to set the verdict aside as contrary to the law and the evidence; and this brings us to the remaining question, and the one upon which the plaintiff in error chiefly relies —that the court was without jurisdiction to try the case.

The warrant charges the offense to have been committed within one mile of the corporate limits of the city of Buena Vista, and the contention of plaintiff in error is that the court was without jurisdiction with respect to offenses committed a mile beyond the city limits. For this position he relies with apparent confidence upon *Agner's Case*, 103 Va. 811, 48 S. E. 493.

That case involved the jurisdiction of the mayor of the city of Buena Vista, and the syllabus of the case is as follows: "The criminal jurisdiction of the mayor of the city of Buena Vista is the same as that of justices of the peace of that city, and neither extended, at the time of the supposed offense alleged in this case, beyond the city limits. Sections 1032 and 1033 of the Code (the latter as amended by Acts 1893-4, p. 664) applied, at the date of the warrant of arrest in this case, to towns only, and not to cities." Judge Whittle delivered the opinion of the court, and after demonstrating that at the time the offense there under consideration was committed the mayor of the city of Buena Vista had no jurisdiction of offenses within one mile of its corporate limits, he uses the following language: "The correctness of the court's ascertainment of the state of the law, at the time of the alleged offense and issuance of the warrant, is accentuated by the circumstances that legislation was subsequently found necessary to invest the authorities of cities with the territorial jurisdiction contended for on behalf of the Commonwealth in this case. Accordingly, it appears that by an act approved May 17, 1903, amending and re-enacting chapter 44 of the Code, the criminal jurisdiction of the corporate authorities of each town or *city* is extended one mile beyond the corporate limits. Acts 1902-3-4, sec. 1032, p. 422."

It is clear, therefore, that *Agner's Case* does not maintain the position of plaintiff in error, but that this case is controlled by section 1032, as it appears in the Code of 1904, as follows: "The jurisdiction of the corporate authorities of each town or city, in criminal matters, and for the imposing and collecting a license tax on all shows, performances, and exhibitions, shall extend one mile beyond the corporate limits of such town or city."

The evidence fully establishes that the offense was committed within the jurisdictional limits of the city of Buena Vista, and indeed every fact required to sustain the verdict of the jury. The judgment of the corporation court is, therefore, affirmed.

*Affirmed.*