# Staunton.

## WILLIAM OSSA, ET AL. V. TOWN OF APPALACHIA.

### September 20, 1923.

1. INTOXICATING LIQUORS—*Joint Trial—Case at Bar.*—In the instant case the proceeding originated in the issuance by the mayor of the town of four separate warrants, which, as afterwards amended in the circuit court, charged each of the defendants with unlawfully transporting and storing ardent spirits for sale. Upon these warrants the defendants were severally found guilty, and each of them appealed to the circuit court. In that court the attorneys for the town moved that all four of the warrants be consolidated, and that the defendants be tried jointly. This motion, over the obectionj and exception of each of the defendants, was granted.

   *Held:* That there was no error in granting the motion, as the prosecution involved a single transaction of transporting ardent spirits and storing the same for sale, and the evidence showed that each of the defendants was implicated therein.

2. APPEAL AND ERROR—*Justices of the Peace—Formality—Warrants.*—Under the provisions of sections 4989 and 4990 of the Code of 1919, appeals from convictions in a justice's court are to be tried *de novo*, without any formality in pleading, and with full power in the circuit court to amend the warrants in any particular, or to issue a new warrant in lieu thereof.

3. CRIMINAL LAW—*Joint Trial—Misdemeanor—Severance.*—At common law two or more defendants in a joint indictment could not as a matter of right claim a severance, even in a felony case. This rule has been changed by statute as to felonies. No such change has been made as to misdemeanors, although cases may doubtless arise in which a trial court ought, in the exercise of sound discretion, to direct separate trials of two or more defendants jointly indicted for a misdemeanor.

4. INSTRUCTIONS—*Repetition.*—It was no error to refuse instructions which in so far as they correctly set forth the propositions of law intended to be expressed therein, were sufficiently covered by other instructions given.

5. ASSIGNMENT OF ERRORS—*Pointing out Error—Instructions.*—Where no objections to or errors in the action of the court as to instructions are pointed out, an assignment of error as to them will not be considered.

6. INTOXICATING LIQUORS—*Transporting Liquor—Instructions.*—In the instant case, a prosecution of defendants for transporting liquors and storing them for sale, the court instructed the jury that they might find defendants guilty if they were interested in or aided in the transportation or in storing whiskey for sale. Defendants objected that since the prosecution charged the four defendants with transporting whiskey and did not introduce evidence that they aided any one else in doing so, the instruction was erroneous.

*Held:* That there was no error in the instruction, as the evidence clearly tended to show that the defendants aided each other and were jointly interested in the whole transaction.

7. INTOXICATING LIQUORS—*Storing Liquor—Instructions.*—In a prosecution for transporting and storing liquors, the court instructed the jury that if they believed beyond a reasonable doubt that the whiskey was stored on the premises of defendants for sale, they might find defendants guilty. It was objected to this instruction that it might have led the jury to believe that they ought to convict the defendants if the whiskey was stored on the premises for sale, regardless of their contention that it was thus stored without their knowledge.

*Held:* That from the context of the instruction, and from other instructions, the jury could not have placed such an unreasonable interpretation on the language in question.

8. APPEAL AND ERROR—*Harmless Error—Introduction of Evidence.*—The wrongful admission of unimportant testimony, which in no event could have had any material effect on the verdict, is harmless.

9. INTOXICATING LIQUORS—*Transporting and Storing—Evidence Held Sufficient to Support Verdict.*—In the instant case, a prosecution for transporting and storing liquors for sale, the evidence showed that three of the defendants conducted a pool room, and that the other defendant was their employee; that a quantity of whiskey was found in the basement of the building in which their business was conducted; that they had possession of this basement; and both direct and circumstantial evidence tended materially to show that they transported the whiskey to the basement and stored it there for sale.

*Held:* That the evidence was sufficient to support a verdict of guilty.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed.*

The opinion states the case.

*Kilgore & Dotson,* for the plaintiffs in error.

*Morton & Parker*, for the defendant in error.

KELLY, P., delivered the opinion of the court.

This is a prosecution by the town of Appalachia against William Ossa, Abe Ossa, John Ossa and Brice Manous for alleged violation of the town ordinance prohibiting the transportation and sale of ardent spirits.

[1, 2] The proceeding originated in the issuance by the mayor of the town of Appalachia of four separate warrants, which, as afterwards amended in the circuit court, charged each of the defendants with unlawfully transporting and storing ardent spirits for sale. Upon these warrants the defendants were severally found guilty, and each of them appealed to the Circuit Court of Wise county. In that court the attorneys for the town moved that all four of the warrants be consolidated and that the defendants be tried jointly by the same jury. This motion, over the objection and exception of each of the defendants, was granted, and they were thereafter jointly tried, found guilty, and each of them accordingly sentenced to a term of sixty days in jail and the payment of a fine of one hundred dollars.

1. The first assignment of error challenges the action of the court "in consolidating and trying jointly before the same jury, over the objection of the defendants, the four separate and distinct warrants."

There is manifestly no merit in this assignment. The charges contained in the separate warrants might, in the first instance, have been embraced in a single warrant against all four of the defendants, and this, indeed, would have been the proper course of procedure. The prosecution involves a single transaction of transporting ardent spirits and storing the same for sale. The evidence of the Commonwealth, which the jury ac-

cepted as true, shows that each of the defendants was implicated therein. Under the provisions of sections 4989 and 4990 of the Code, the appeals from the mayor were to be tried *de novo*, without any formality in pleading, and with full power in the circuit court to amend the warrants in any particular, or to issue a new warrant in lieu thereof. *Collins* v. *City of Radford*, 134 Va. 518, 113 S. E. 735, 737.

[3] At common law two or more defendants in a joint indictment could not as a matter of right claim a severance even in a felony case. This rule has been changed by statute as to felonies. See revisors' note to section 4895, Code 1919, and Acts 1920, pages 24, 26; *Commonwealth* v. *Lewis & Diviney*, 25 Gratt. (66 Va.) 938, 942. No such change has been made as to misdemeanors. Cases may doubtless arise in which a trial court ought, in the exercise of sound discretion, to direct separate trials of two or more defendants jointly indicted for a misdemeanor; but there was no reason for such action in this case.

[4] 2. It is assigned as error that the court refused instructions 1, 2, 6 and 7, and amended instruction 5 as asked for by the defendants.

Instruction No. 1 was offered on the theory that the jury had the right to disregard the testimony of two witnesses for the Commonwealth who appeared to have made contradictory statements with respect to their knowledge of material facts. Instruction No. 2 was offered for the purpose of informing the jury that the identity of the defendants as the persons guilty of the alleged crime must be proved beyond a reasonable doubt. In so far as these two instructions correctly set forth the propositions of law intended to be expressed therein, they were sufficiently covered by instructions 3 and 5 given for the defendants and by a full and com-

plete oral instruction given by the court on its own motion. These instructions fully guarded the interests of the defendants upon every point raised by this assignment.

[5] As to instructions 6 and 7 and the amendment to instruction 5, no objections to or errors in the action of the court are pointed out, and the assignment as to them requires no further consideration. *Puckett* v. *Commonwealth*, 134 Va. 574, 113 S. E. 853, and cases cited.

[6, 7] 3. In the course of the above mentioned oral instruction given by the court this language was used:

"You can find them all guilty if you believe they were interested in or aided in the transporting or in storing whiskey for sale, if you believe beyond a reasonable doubt it was stored on their premises for sale."

To this portion of the court's instruction two objections are made, neither of which rests upon any substantial foundation. The first objection is that since the town charged the four defendants with transporting whiskey and did not introduce evidence that they aided any one else in doing so, the instruction was erroneous. The evidence clearly tended to show that the four defendants aided each other and were jointly interested in the whole transaction. The other objection to the language above quoted from the instruction is based on the words "if you (the jury) believe beyond a reasonable doubt it (the whiskey) was stored on their premises for sale." It is said that these words might have led the jury to believe they ought to convict the defendants if the whiskey was stored on their premises for sale, regardless of their contention that it was thus stored without their knowledge. It is clear, however, from that part of the instruction which is assailed, from the context in which it is found, and from the other instruc-

tions, that the jury would not have placed any such un-- reasonable interpretation on the language in question.. The instructions as a whole made it perfectly clear that a guilty participation on the part of the defendants in. the alleged offense was essential to their conviction and had to be proved by the Commonwealth beyond a reasonable doubt.

[8] 4. The fourth assignment of error relates to certain unimportant testimony admitted on behalf of the town and over the objection of the defendants. If the evidence in question was not admissible, it was of minor importance. It could in no event have had any material effect on the verdict, and is not of sufficient consequence to warrant further comment.

5. Finally, it is said that the court erred in refusing to set aside the verdict and grant the defendants a new trial.

[9] All of the grounds for this assignment have heretofore been disposed of except the one which questions. the sufficiency of the evidence to support the verdict. The evidence was somewhat voluminous and it would serve no good purpose to attempt to set it out in any great detail. Suffice it to say that the defendants, William Ossa, Abe Ossa and John Ossa, conducted a pool room and restaurant in the town of Appalachia; that the defendant, Brice Manous, was their employee; that a quantity of whiskey was found in the basement of the building in which their business was conducted; that they had possession of this basement; and that both direct and circumstantial evidence on behalf of the Commonwealth tended materially to show that they transported the whiskey to the basement and stored it there for sale.

The judgment complained of is plainly right, and it. must be affirmed.

*Affirmed.*