# Staunton

## CARPER CRINER v. TOWN OF VINTON.

September 21, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory
and Browning, JJ.

The opinion states the case.

*John G. Challice,* for the plaintiff in error.

No appearance for the defendant in error.

Gregory, J., delivered the opinion of the court.

Criner was convicted of petit larceny upon a Commonwealth's warrant before the mayor of the town of Vinton and he appealed to the circuit court, where he was convicted of the same offense by a jury and his punishment fixed at a fine of $50.00. The verdict was approved by the judgment of the court.

The specific charge against the accused was that he stole a watch from one Williams of the value of $35.00.

There are two assignments of error. One is directed to the refusal of the court to set aside the verdict because it was not sufficiently supported by the evidence and the other to the ruling of the court in refusing to grant an instruction offered by the accused on circumstantial evidence.

The evidence discloses that a watch of the value of $35.00 was stolen from one Williams, who resided in the downstairs or lower rooms in a house in Vinton, Virginia. The accused resided in the upstairs or upper rooms of the same house. Some time later Police Officer Howell, of the

Vinton police force, found this identical watch in the pawn shop of the Southern Loan Office in Roanoke, which is about three miles from the town of Vinton. Krisch, the manager of the pawn shop, who had received the watch for a loan of $10.00, testified that it was pledged to the pawn shop through him as manager by a man who gave his name as Webber and his residence as Salem, Virginia. The evidence further discloses that a little later Officer Howell requested Krisch to go with him to Vinton and they stopped there at a point where the accused alighted from a street car. As he alighted from the car Krisch positively identified him as the man who had previously pledged the watch for the loan of $10.00 in the pawn shop in Roanoke. This identification was made in the presence of Officer Howell at the time and he corroborated the testimony of Krisch on the identification of the accused. Upon cross-examination Krisch was unable to give in detail a description of the clothes and apparel of the man who pawned the watch, but he was positive in his identification and again identified the accused at the time of trial as the man who had pawned the watch and as the man who had alighted from the street car when he and Howell were watching for him. The accused denied that he had stolen the watch and denied that he had ever had possession of it. He stated that he had never been in the pawn shop.

The court granted five instructions. No objection or exception was made or taken to any of the instructions granted. They fully and fairly covered every phase of the case. It is needless to quote them here. In one of them, the court instructed the jury that the possession of recently stolen property created a presumption that the possessor is the thief and places upon him the burden of explaining his possession.

█ The jury were justified in believing from the evidence that the watch had been stolen from Williams. They could have further believed from the testimony of Krisch that the accused was in the recent possession of the

stolen watch, and the accused having failed to explain his possession, it became their duty under the instruction, if they believed Krisch, to conclude that the accused was guilty of the larceny of the watch. We therefore conclude that the evidence sustains the verdict.

■ The second assignment relates to the refusal of the court to give the following instruction offered on behalf of the accused:

"The court instructs the jury that circumstantial evidence must be received and acted upon by the jury with great care and caution and that they should not convict the defendant unless the circumstances are not only consistent with the guilt of the defendant, but inconsistent with his innocence."

This instruction was inapplicable to the particular facts of this case, because the evidence of the theft of the watch and of its recent possession by the accused was not circumstantial. The proof of the theft and of the recent possession of the stolen watch came directly from the testimony of Williams and Krisch and when the accused failed to account for his possession the case for the Commonwealth was made, if the jury believed the testimony of Williams and Krisch.

The court fully and fairly instructed the jury. They were instructed that suspicion of guilt, however strong, was insufficient to convict, and that the burden was upon the Commonwealth to prove the guilt of the accused beyond a reasonable doubt and to the exclusion of every hypothesis consistent with his innocence. These and the other instructions granted by the court fully protected the accused from an unwarranted conviction. The refusal of the court to give the instruction asked for was not error.

■ The warrant in this case was issued as a warrant of the Commonwealth. It was tried before the mayor of the town of Vinton and resulted in the conviction of the accused. He appealed to the circuit court and the case was there tried by a jury and resulted in his conviction. The trial court, in entering its judgment approving the verdict,

used this language: "It is therefore considered by the court that for his said offense, the said Carper Criner pay to the town of Vinton the fine of $50.00 as fixed by the jury * * *, together with the costs of the prosecution, and that he be confined in jail until said fine and costs are paid." It was improper to enter the judgment for the fine and costs in favor of the town of Vinton. It should have been entered in favor of the Commonwealth, and to this extent the judgment will be here amended and corrected. In all other respects it is affirmed.

*Amended and affirmed.*