# Richmond

E. O. Fielder v. Town of Vinton.

February 20, 1939.

Record No. 2089.

Present, All the Justices.

The opinion states the case.

*T. W. Messick,* for the plaintiff in error.

No appearance for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

E. O. Fielder was convicted by the mayor of the town of Vinton upon a warrant charging that he "did unlawfully violate Section 78 — Traffic Code, at 9:30 P. M., operating automobile on streets of Vinton while intoxicated or under

the influence of narcotic drugs." On appeal to the Circuit Court of Roanoke county, he was found guilty by a jury and assessed with a fine of $100, on which the trial court entered judgment.

The accused contends that the warrant is in the name of the Commonwealth, and that, under section 4987f, (2), of the Code, the trial justice of the county of Roanoke had exclusive original jurisdiction to try all persons charged with the commission of a misdemeanor within the county. The refusal of the trial court to sustain a motion based upon this contention is the only error assigned.

It is true that the second paragraph of Code, section 4987f, in general terms, confers upon the trial justice "exclusive original jurisdiction of all offenses against the ordinances, laws and by-laws of the respective counties, cities and towns for which he is appointed," with certain exceptions not pertinent to the question presented. Paragraph twelve of this section provides: "Notwithstanding other provisions of sections forty-nine hundred and eighty-seven-a to forty-nine hundred and eighty-seven-p, both inclusive, to the contrary, any city and any incorporated town within the jurisdiction of any trial justice appointed pursuant to the said sections may, by a resolution adopted by a majority of the members of the council thereof, continue in the mayor or other trial officer thereof all jurisdiction now vested in such mayor or other trial officer pertaining to the issuance of warrants and the summoning of witnesses and the trial of cases involving violations of city and town ordinances, in which event the said mayor or other trial officer shall collect all fees and fines provided for and pay the same into the treasury of the respective city or town as now provided by law or by ordinances of his said city or town."

The record is silent as to whether the council of the town of Vinton had, by appropriate resolution, conferred upon its mayor jurisdiction to try persons charged with the violation of its by-laws and ordinances. The question, whether this court or the trial court may, or should, take judicial notice of such an ordinance, is not raised. Indeed, the accused

seems to concede that the mayor of the town has jurisdiction to try persons charged with the violation of its ordinances. This appears from the following statement in the petition: "Since the warrant was issued in the name of the Commonwealth of Virginia, the circuit court was without jurisdiction to change or modify said warrant so as to make it a proceeding or prosecution in behalf of the town of Vinton. Exclusive original jurisdiction of the trial of offenses against the Commonwealth was vested in the trial justice of Roanoke county, and petitioner was entitled to have his case tried before the trial justice."

The precise question presented is whether the warrant charged a violation of a town ordinance, or the violation of a State statute. The warrant upon which the accused was arrested, tried and convicted is as follows:

"State of Virginia,

Town of Vinton, to-wit:

"To the Sergeant or Any Officer of Said Town:

"WHEREAS, R. W. Mitchell has this day made complaint and information on oath, before me, the undersigned Mayor of said Town, that E. O. Fielder, age (56) on or about the 16th day of April, 1936, at said town did unlawfully violate Section 78—Traffic Code, at 9:30 P. M., operating automobile on streets of Vinton while intoxicated or under the influence of narcotic drugs.

"These are, therefore, in the name of the Commonwealth of Virginia, to command you forthwith to apprehend and bring before me, the said mayor of said town, the body of the said E. O. Fielder to answer said complaint and be further dealt with according to law.

"And, moreover, upon the arrest of the said E. O. Fielder by virtue of this warrant, I command you in the name of the Commonwealth of Virginia to summons R. W. Mitchell, Frank Buck, Roy Fowler, R. H. Wagner to appear at the mayor's court as witnesses to testify in behalf of the Com-

monwealth of Virginia, against the said E. O. Fielder, and have then and there this warrant, with your return thereon.

"Given under my hand and seal this 17th day of April, 1938.

"Permit 6125

"License No. 81327

"J. H. MOSELEY, (Seal)

Mayor."

On the back of said warrant, appears the following endorsement and judgment of the Mayor:

"The within-named E. O. Fielder was brought before me this 19th day of April, 1938, and on the evidence of witnesses, he is found guilty of driving drunk as charged in the within warrant and I do adjudge that he be confined in the jail of the town of Vinton for thirty days, suspended and pay a fine of $100 and $12.50 costs. Permit Revoked.

(Signed) J. H. MOSELEY,

Mayor."

A similar warrant*, in *Collins* v. *City of Radford,* 134 Va. 518, 113 S. E. 735, 737, was held valid and to have sufficiently charged the violation of a town ordinance.

---

*This warrant was as follows:

"Virginia: City of Radford, to-wit:

"Whereas, R. H. Moore has this day made complaint and information on oath before, me, John H. Stump, civil and police justice of said city, that Albert L. Collins did, on the ........ day of January, 1921, and within twelve months last past, and within the city limits, unlawfully transport, sell, keep or store for sale, ardent spirits; the said Collins having previously, to-wit: on the 25th day of December, 1920, been convicted of storing and keeping for sale ardent spirits in the said civil and police justice's court and fined $400.00 and costs, and sentenced to serve sixty days in jail, which jail sentence was suspended by the said civil and police justice during the good behavior of the said Albert L. Collins.

"And the said Albert L. Collins on the ........ day of January, 1921, and within twelve months last past, within said city limits, did attempt to transfer, sell, keep or store for sale ardent spirits.

"These are, therefore, in the name of the Commonwealth of Virginia, to command you that you forthwith apprehend and bring be-

Judge Kelly, speaking for the court, said: "We do not see anything on the face of this warrant which can be regarded as seriously irregular or defective. It did not specifically charge a violation of a city ordinance, and it concluded in the name of the Commonwealth and not in the name of the city. But it did show that it emanated in the city of Radford, for an offense against the prohibition law committed within the city limits, and that it was issued and was to be tried by the police justice of that city, whose jurisdiction, as to such offenses, was expressly confined by law to infractions of city ordinances. See act creating his office, approved March 20, 1920 (Acts 1920, page 275), and section 24, prohibition law (Acts 1918, page 598). There is no law prescribing any special form for the conclusion of a warrant, and the conclusion of this one in the name of the Commonwealth, even if irregular, was neither misleading nor inconsistent. 'In the last analysis the municipality is, after all, but a *mere arm or agency of the State* — and its power to punish is by direct delegation from the State.' Lile's Notes on Municipal Corporations, section 138.

\*    \*    \*    \*    \*    \*    \*

"Furthermore, it ought to be observed in this connection that on the appeal to the corporation court the trial was expressly required to be conducted without formal pleadings (Code, section 4990); and the fullest provision is made for all amendments of the original warrant 'in any respect in which it appears to be defective.' (Code, section 4989.) Under the broad terms of the section last cited, if there had been, as there clearly was not, any substantial reason to suppose that the accused did not know from the warrant what he was charged with, the court could even have gone

fore me the body of the said Albert L. Collins to answer the said complaint and information, and to be further dealt with according to law. And I further command you that you summon R. H. Moore and Herbert Gibson as witnesses to testify against the said Albert L. Collins, in behalf of the Commonwealth.

"Given under my hand and seal this 4th day of February, 1921.

"JOHN H. STUMP,
"Civil and police justice (L. S.)"

to the extent of discarding entirely the original warrant, issuing a new one for the offense, and proceeding to trial on that. The provisions of the statute are intended to give the court a free hand in conducting the trial on appeal in such way as to guarantee to the accused every substantial right, on the one hand, and, on the other, to cut off frivolous and purely formal objections. See *Harding* v. *Commonwealth,* 105 Va. 858, 52 S. E. 832; *Flint* v. *Commonwealth,* 114 Va. 820, 76 S. E. 308; *Robinson* v. *Commonwealth,* 118 Va. 785, 87 S. E. 553; *Harley* v. *Commonwealth,* 131 Va. 664, 108 S. E. 648."

In *Criner* v. *Town of Vinton,* 161 Va. 987, 170 S. E. 562 (decided September, 1933, prior to the 1936 amendment to Code, section 4987), it was held that upon the trial of a violation of a State statute by the mayor of a town, the fine should not be paid into the town treasury but should be collected by the Commonwealth and credited to the literary fund.

Code, section 2154 (169), expressly authorizes city and town councils to adopt ordinances regulating the operation of vehicles on the streets and highways within the corporate limits, provided that the penalties for the violation of the provisions of such ordinances shall not be greater than the penalties imposed for similar offenses under the State statute. The fines imposed for the violation of such ordinances shall be paid into the city or town treasury, with certain exceptions not pertinent to the issue raised in the case at bar.

The town of Vinton made no appearance in this court. However, its right to collect the fine imposed in this instance is not challenged by the Commonwealth or the accused. The case was submitted on the petition and brief of the accused, which raised only one question — that is, whether the warrant charged a violation of a State statute or a town ordinance. This question was expressly decided in *Collins* v. *City of Radford, supra,* and followed in *McWilliams* v. *Commonwealth,* 165 Va. 725, 181 S. E. 391; *Ossa* v. *Town of Appalachia,* 137 Va. 795, 119 S. E. 51; and *Jolly* v. *Com-*

*monwealth,* 136 Va. 756, 118 S. E. 109. (See *Orose* v. *Hodge Drive-It-Yourself Company,* 132 Ohio St. 607, 9 N. E. (2d) 671, 111 A. L. R. 954, and note.) We, therefore, affirm the judgment without discussing other interesting questions which occur to us but are not raised in the record.

*Affirmed.*