## $\mathfrak{Staunton}$

JIM LAING v. COMMONWEALTH OF VIRGINIA.

August 31, 1962.

Record No. 5447.

Present, All the Justices.

*Harvey S. Lutins* (*Honeyman & Lutins*, on brief), for the plaintiff in error.

*Francis C. Lee*, *Assistant Attorney General* (*Robert Y. Button*, *Attorney General*, on brief), for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The appellant, Jim Laing, herein referred to as defendant, appeals from a judgment entered by the circuit court finding that the shepherd, or police, dog owned by the defendant was a livestock killer, "having been found in the act of killing, injuring and worrying

sheep," and ordering that the dog be killed immediately by an officer designated for that purpose.

The proceeding had its origin in a warrant issued by the clerk of the county court of Giles county on the complaint of the dog warden that the defendant, on February 28, 1961, did "unlawfully possess one sheep killing dog". While the warrant directed that the defendant be apprehended and brought before the court, he was not in fact arrested but was given a written notice to appear on March 6, 1961, to answer the charge, of which notice he signed an acceptance of service. He appeared on that day with his counsel and the county judge found him guilty "of possessing a sheep killing dog," and ordered that the dog be killed and that the defendant pay the cost of the proceeding. He appealed to the circuit court, where he later appeared and requested a continuance to the next term, which was granted.

On his trial at the next term the defendant made a motion that the court dismiss the appeal and quash the proceeding on the grounds that the order of the county court was null and void, and that it was not unlawful to possess a sheep-killing dog and hence the defendant was charged with an act which is neither prohibited nor unlawful. The court overruled the motion, trial by jury was waived, the court heard the evidence and made the finding and entered the judgment above stated.

The defendant does not now complain about the finding and judgment of the trial court. He expressly abandons his assignments of error which allege that the evidence was not sufficient to support the judgment and that the judgment of the county court was a nullity. He rests his appeal, he says, "solely upon the trial court's failure and refusal to dismiss the defective warrant or to amend same upon the ground that he was charged with an act neither prohibited nor unlawful".

The charge against the defendant was based on § 29-197 of the Code, as amended, which makes it the duty of the dog warden, and gives the right to any person, to kill forthwith a dog found by him in the act of killing, injuring, worrying or chasing sheep, or killing or injuring other livestock. The owner of the sheep in this case, together with a deputy sheriff, saw defendant's dog in the act of killing the sheep. The owner shot at and wounded the dog, which ran away and returned to the defendant's home. The owner and the officer went to the defendant's home and told him what had occurred. The warrant was issued later that day.

Section 29-197 also provides that a warden or other person who has reason to believe that a dog is committing any of the depredations mentioned in the statute shall apply to a justice of the peace, who shall issue a warrant requiring the owner or custodian to appear before the trial justice [county court], who shall hear evidence and if it be shown that the dog is guilty it shall be ordered killed immediately by the warden or other designated officer. See *Willeroy* v. *Commonwealth*, 181 Va. 779, 27 S. E. 2d 211, for a discussion of the statute in a different context.

It is apparent that § 29-197 does not, nor does any other section of the Code, make it unlawful to possess a sheep-killing dog. The defendant was not guilty of any crime in so doing, the warrant was improperly drawn, and the act which it charged against the defendant was no criminal offense. The defendant's motion to dismiss it should have been sustained, but the failure of the trial court to do so under the circumstances of this case was harmless error.

The defendant was not in fact charged with any crime and he has not been convicted of any crime. While the county judge found him guilty of possessing a sheep-killing dog, he did not thereby find him guilty of any criminal offense, and the requirement that he pay the cost did not convert the charge into a criminal offense. In any event, the effect of the appeal to the circuit court was to deprive the county court of further jurisdiction and annul its judgment of conviction. *Malouf* v. *City of Roanoke*, 177 Va. 846, 855, 13 S. E. 2d 319, 322. The hearing before the circuit court was *de novo*, Code § 16.1-136. That court had full power, on its own motion, to "amend the form of the warrant in any respect in which it appears to be defective," or to issue a new warrant, Code § 16.1-137; *Ossa* v. *Town of Appalachia*, 137 Va. 795, 119 S. E. 51.

The warrant prescribed by § 29-197 is a warrant requiring the owner or custodian of the dog to appear at the hearing of evidence as to whether the dog was guilty of the depredations mentioned in that section. Its purpose is to give notice to the owner or custodian of the time and place of the proceeding against the dog and an opportunity to be heard in its defense. *Cf.* § 16.1-129. The warrant in this case was given that effect in the circuit court. The defendant did appear. He heard the evidence against his dog and introduced evidence and testified himself in its defense. If the circuit court had issued a proper warrant, as it could and should have done, it would in this case only have served the same function and been given the same effect as was given to the original warrant. The defendant has

not been harmed or in any way prejudiced by the failure of the court to quash the original warrant and issue a properly worded warrant. The defendant has not been convicted of any crime. No verdict of any sort, not even a judgment for costs, has been rendered against him. The only judgment in the case is against the dog and the defendant does not question here the sufficiency of the evidence to establish the guilt of the dog. Neither does he claim that the judgment was without due process of law, nor that he just "happened to be in court," as suggested in the dissenting opinion, when the judgment was rendered. He was in court prosecuting his appeal from the judgment of the trial justice that his dog be killed, and on that issue he was fully heard and does not now claim otherwise.

There is no ground for reversing the judgment against the dog and that is the only judgment given in the order from which the defendant has appealed. It is accordingly

*Affirmed.*

EGGLESTON, C. J., SPRATLEY and WHITTLE, JJ., dissenting.

EGGLESTON, C. J., dissenting:

This case originated with a criminal warrant charging that the defendant, Jim Laing, did on the named date "unlawfully possess one sheep killing dog." Convicted in the county court, Laing appealed to the circuit court where he moved to quash the proceeding on the ground among others, that "the warrant is bad" in that it charged him with the commission of an act "which is neither prohibited nor unlawful." The circuit court overruled the motion to quash, heard the evidence, and without disposing of the criminal charge against the defendant, entered an order finding that the dog was a "livestock killer" and directing that it be "killed immediately."

The majority opinion, after finding that the criminal warrant against Laing was void and should have been dismissed, nevertheless holds that the order directing the destruction of the dog is valid, because, the opinion says, the defendant owner was given a hearing as required by Code, § 29-197, as amended, providing for the confiscation of such an animal. I do not agree.

The pertinent portion of this statute reads as follows: "Any warden or other person who has reason to believe that any dog is killing livestock, or committing any of the depredations mentioned in this

section, shall apply to a justice of the peace of the county, city or town wherein such dog may be, who shall issue a warrant requiring the owner or custodian, if known, to appear before the trial justice at a time and place named therein, at which time evidence shall be heard, and if it shall appear that such a dog is a livestock killer, or has committed any of the depredations mentioned in this section, the dog shall be ordered killed immediately, * * * ."

Thus, this statute provides an orderly procedure for the confiscation and destruction of a sheep-killing dog after due notice to its owner. In the present proceeding, without such notice to the owner, the lower court has entered an order depriving him of the ownership of the dog and directing its destruction because the owner happened to be in court on that occasion in defense of a criminal charge against him. In effect, the court, without notice or process, converted a *criminal* proceeding against the owner of the dog into a *civil* proceeding for its forfeiture. This may be a short cut to the desired result, but, in my opinion, it does violence to the elementary requirement of due process of law.

It will not do to say that the same result would have followed had the provisions of the statute been complied with. We frequently reverse cases where the requirements of due process have not been met, although we know full well that an orderly proceeding will produce the same result. In *French* v. *Pobst*, 203 Va. 704, 127 S. E. 2d 137, this day decided, we are reversing a decree because of improper procedure although such improper procedure produced the same result as can be accomplished by approved procedure.

Traditionally, a sheep-killing dog is the most despicable of all animals. But if the requirement of due process may be disregarded in the case of the dog's owner, why should it be respected in other instances?

In this case, when the lower court found, as it evidently did, that the criminal warrant was void, it should have sustained the defendant's motion to dismiss that proceeding. If it then appeared to the court that probably the dog should be confiscated and destroyed, it should have directed the institution of a proceeding for that purpose in the manner required by the statute.

Justices Spratley and Whittle join in this dissent.