# Richmond.

## CAMPBELL V. CITY OF DANVILLE.

### March 20, 1924.

1. STATUTES—*Code—When Code of 1919 Took Effect.*—The charter of the city of Danville was amended by an act of the General Assembly, approved March 14, 1918. Acts 1918, page 327, chapter 188. By this act the mayor was made the chief executive officer of the city, charged with the duty of enforcing the ordinances of the city, and vested with jurisdiction in criminal cases such as that with which the defendant in the instant case was charged, namely, a violation of the prohibition ordinance of the city. Defendant claimed that the mayor had no jurisdiction to try him; that that jurisdiction was vested in the civil and police justice of the city under Code of 1919, chapter 124.

   *Held:* That under section 6568 of the Code of 1919, which provides that the enactment of the Code should not affect any act passed by the General Assembly, which shall become a law after the 9th day of January, 1918, the mayor had jurisdiction to try the case under the act of March 14, 1918.

2. INTOXICATING LIQUORS—*City Ordinances—Validity—Statutes—Special Legislation—Prohibition Act.*—Section 27 of the prohibition act (Acts 1918, page 578) authorized all cities and towns of the State to pass ordinances embracing the provisions of the prohibition law. The city of Danville adopted the 1918 prohibition act as an ordi-·nance of the city. The validity of this ordinance was attacked on the ground that it was special legislation providing for the punishment of crime, which is prohibited by section 63 of the Constitution, and that it was also special, because it provided for the punishment of violators of the prohibition law, which conferred a new juris-diction upon the police courts with respect to this one special sub-ject matter, which is prohibited by section 63 of the Constitution, and that it was special legislation with respect to the government of the city of Danville, and therefore in conflict with section 117 ·of the Constitution. It is a sufficient answer to these objections to say that the prohibition law referred to was not· a special act, but · general in its nature.

3. ORDINANCES—*Constitutional Provision as to Object and Title.*—The con-stitutional provision that no law shall contain more than one object,

which shall be expressed in its title, has no application to the ordinances adopted by municipal corporations.

4. Intoxicating Liquors—*Prohibition Act—Title and Object—Ordinances Embracing Provisions of the Prohibition Act.*—The validity of an ordinance adopting the prohibition act as an ordinance of a city was assailed on the ground that the prohibition law, under which the .ordinance was adopted, was broader than its title, in that the title indicated nothing with relation to the authority to be conferred upon cities and towns.

   *Held:*  That this objection was without merit.

5. Intoxicating Liquors—*Prohibition Act—Comprehensiveness of Title.*— The title of the prohibition act is very comprehensive; including, among other things, the right to prescribe the jurisdiction for trial and appeal of cases arising under the act, it provides for the enforcement of the act, and contains other provisions quite comprehensive.

6. Appeal and Error—*Criminal Law—Greater Punishment Upon Appeal.*— In the instant case, an appeal from the judgment of a mayor's court to the corporation court, the judgment of the corporation court was assailed as void, because it imposed upon the defendant a greater punishment than the judgment rendered against him in the mayor's court. This objection is without merit. Defendant had an appeal of right to the corporation court under the charter of the city, and when the case reached the corporation court it was tried *de novo* by a jury, who were not restricted to the punishment imposed by the mayor, but could inflict any punishment authorized by the ordinance.

7. Venue—*Allegation of Venue in Warrant—Warrants—Formal Charges.*— A warrant charging defendant with violation of the prohibition ordinance of a city laid the venue in the city, and also within three miles thereof. It was claimed by defendant that the venue was not sufficiently laid in the warrant.

   *Held:*  That in prosecutions for petty misdemeanors the same particularity is not expected or required as in more formal charges, and, where no objection was made in the trial court, the Supreme Court of Appeals will not reverse the judgment for such formal objections, unless the ends of justice require it.

8. Exceptions, Bill of—*Necessity of.*—In a prosecution for violation of a prohibition ordinance exception was taken to certain instructions given by the trial court, but they were no part of the record. No bill of exception was taken to the ruling of the court on the instructions, and consequently objection to such ruling could not be considered on appeal.

Error to a judgment of the Corporation Court of the city of Danville.

*Affirmed.*

The opinion states the case.

*J. T. Watson,* for the plaintiff in error.

*Jno. W. Carter, Jr.,* and *Harry Wooding, Jr.,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

The plaintiff in error, hereinafter called the defendant, was convicted by the mayor of the city of Danville of a violation of the prohibition ordinance of the city, and fined $50.00 and sentenced to thirty days confinement in jail. He appealed to the corporation court and had a jury trial. The jury found him guilty and imposed upon him a fine of $200.00, and fixed his jail sentence at four months. The trial court refused to set aside the verdict, and entered up judgment thereon, and to that judgment a writ of error was awarded. There is no bill of exception in the case, and the only errors we can consider are pure questions of law arising upon a very meagre record.

[1] It is assigned as error that the mayor of the city of Danville had no jurisdiction to try the defendant, that the jurisdiction was vested in the civil and police justice of the city. This contention is based upon the assumption that the question is controlled by chapter 124 of the Code. The Code was adopted in 1918 to go into effect on January 13, 1920. Code, section 6567. Section 6568 of the Code is as follows:

"The enactment of this Code shall not affect any act passed by the General Assembly, which shall have become a law after the 9th day of January, 1918, and before the 13th day of January, 1920; but every such act shall have full effect, and so far as the same varies from

or conflicts with any provision contained in this Code, it shall have effect as a subsequent act, and as repealing any part of this Code inconsistent therewith."

The charter of the city of Danville was amended by an act of the General Assembly, approved March 14, 1918. Acts 1918, page 327, chapter 188. By this act the mayor was made the chief executive officer of the city, charged with the duty of enforcing the ordinances of the city, and vested with jurisdiction in criminal cases such as that with which the defendant was charged. It is very plain that the mayor had jurisdiction to try the case.

[2] Section 27 of the prohibition act (Acts 1918, page 578) authorizes all cities and towns of the State to pass ordinances embracing the provisions of the prohibition law. The city of Danville, by an ordinance adopted April 29, 1920, adopted the 1918 prohibition act as an ordinance of the city. The validity of this ordinance is assailed on several grounds.

1. It is said that it is special legislation and provides for the punishment of crime (which is prohibited by section 63 of the Constitution), and that it also is special because it provides for "the punishment of violators of the prohibition law, which confers a new jurisdiction upon the police courts with respect to this *one special subject matter*" (which is also prohibited by section 63 of the Constitution). It is also claimed that it is unconstitutional because it is special legislation with respect to the government of the city of Danville, and therefore in conflict with section 117 of the Constitution.

It is a sufficient answer to these objections to say, that the prohibition law hereinbefore referred to is not a special act, but is general in its nature.

[3] 2. The validity of the ordinance is also assailed on the ground that it has no title, and that it is necessary for an ordinance as well as a statute to have a title.

The constitutional provision that no law shall contain more than one object, which shall be expressed in its title, has no application to the ordinances adopted by municipal corporations. 19 R. C. L. 815, section 120.

[4, 5] 3. The validity of the ordinance is also assailed on the ground that the prohibition law, under which the ordinance was adopted, was broader than its title, in that the title indicated nothing with relation to the authority to be conferred upon cities and towns.

This objection is also without merit. The title of the prohibition act is very comprehensive, including among other things the right to prescribe the jurisdiction for trial and appeal of cases arising under the act, provides for the enforcement of the act, and other provisions quite comprehensive.

[6] 4. The judgment of the corporation court complained of is assailed as void because it imposed upon the defendant a greater punishment than the judgment rendered against him in the mayor's court.

This objection is also without merit. He had an appeal of right to the corporation court under section 6 of the amended charter of the city, and when the case reached the corporation court it was tried *de novo* by a jury, who were not restricted to the punishment imposed by the mayor, but could inflict any punishment authorized by the ordinance.

[7] 5. It is also alleged that the venue was not sufficiently laid in the warrant. The warrant lays the venue in the city and also within three miles thereof. In *Harley* v. *Commonwealth*, 131 Va. 664, 108 S. E. 648, it was held that in prosecutions for petty misdemeanors, the same particularity is not expected or required as in more formal charges, and where no objection was made in the trial court, this court will not reverse the judgment of the trial court for such formal objections, unless the ends of justice require it.

[8] Exception is also taken to certain instructions given by the trial court, but they are no part of the record. No bill of exception was taken to the ruling of the court on the instructions, and consequently this objection cannot be considered.

We find no error in the proceedings in the trial court, and its judgment will be affirmed.

*Affirmed.*