# Richmond.

## Frank B. Timmons v. Commonwealth.

January 19, 1928.

Absent, Burks, J.

1. Exceptions, Bill of—*Time of Filing—Case at Bar.*—Where a case was tried on the 16th of July, 1926, and the bill of exceptions was not presented to the trial judge until the 15th day of September, 1926, the bill was not presented within the sixty days from the time at which the judgment was entered as required by section 6252 of the Code of 1919, and the trial judge was without jurisdiction to sign the bill of exceptions.

2. Exceptions, Bill of—*Time of Filing—Computation of Time.*—Under section 6252 of the Code of 1919, requiring bills of exceptions to be tendered to the trial judge within sixty days from the time at which the judgment is entered, the date on which the final judgment is rendered is to be counted as one of the sixty days.

3. Intoxicating Liquors—*Crime not Committed within Twelve Months Prior to the Finding of the Indictment—Point Raised for the First Time on Appeal—Rule 22 of the Supreme Court of Appeals—Case at Bar.*—In the instant case, a conviction under the prohibition law, defendant assigned as error that the proof did not show that the offense charged against him was committed within twelve months prior to the finding of the indictment. The proof did show that the crime was committed within twelve months prior to the finding of the indictment, but even if it had not so shown, the question was raised for the first time on appeal and could not be considered under Rule 22 of the Supreme Court of Appeals.

4. Intoxicating Liquors—*Transporting—Evidence Sufficient to Sustain a Conviction.*—Evidence that accused was positively identified by two officers as the person who jumped from an automobile and made his escape on the night the automobile owned by the defendant and occupied by his wife and brother was captured transporting ardent spirits, is sufficient to sustain a conviction of defendant, notwithstanding, a conflict between these officers and certain witnesses who undertook to establish an alibi for accused, which the jury determined against the accused.

Error to a judgment of the Circuit Court of Henrico county.

*Writ of error dismissed.*

The opinion states the case.

*Chas. W. Moss* and *Wm. M. Justis, Jr.,* for the plaintiff in error.

*John R. Saunders,* Attorney-General, *Leon M. Bazile* and *Edwin H. Gibson,* Assistant Attorneys-General, for the Commonwealth.

CHICHESTER, J., delivered the opinion of the court.

Frank B. Timmons is here seeking to have a judgment of the Circuit Court of Henrico county, in which he was adjudged guilty of a violation of the prohibition law (Code 1924, sec. 4675 [1]–4675 [117]), to wit, transporting ardent spirits, and sentenced to confinement in jail for six months and fined $100.00, reversed.

[1] He assigns as error that the proof does not show that the offense charged against him was committed within twelve months prior to the finding of the indictment and that the verdict was contrary to the law and the evidence. There is no merit in either ground of error alleged, but if there was we would be unable to consider them because the case was tried on the 16th of July, 1926, and the bill of exceptions in which it is sought to have the trial judge certify the evidence was not presented to the judge until the 15th day of September, 1926.

Section 6252 of the Code of 1919 provides in part: "Any bill of exception may be tendered to the judge and signed by him, at any time before final judgment is

entered, or *within* sixty days from the time at which such judgment is entered    *    *."

[2] From July 16th to September 15th is not within sixty days of the final judgment as prescribed by Sec. 6252 of the Code. In *Thrift* v. *Commonwealth*, 133 Va. 800, 112 S. E. 770, final judgment was entered on October 31, 1921, and the bill of exceptions was not signed and made a part of the record until December 30th, 1921. Under these circumstances this court said: "The date on which the final judgment is rendered is to be counted as one of the sixty days. *Kelly* v. *Trehy*, 133 Va. 160, 112 S. E. 757. * * * * Thus counting, there was one day in October, thirty in November and twenty-nine in December. The sixty days expired on the last mentioned date, December 30th, when the bill was signed was the sixty-first day. The trial judge was without jurisdiction to sign the bill of exceptions on December 30th."

It will therefore be seen that the trial judge was without jurisdiction to sign the bill of exceptions in the instant case. See also *Bragg* v. *Justis*, 129 Va. 354, 106 S. E. 335; *Harley* v. *Com.*, 131 Va. 664, 108 S. E. 648; *James* v. *Com.*, 133 Va. 723, 112 S. E. 761; *Rea* v. *Com.*, 135 Va. 714, 115 S. E. 381.

[3] So far as the alleged grounds of error are concerned it is sufficient to say, as to the first, that the proof did show that the crime was committed within twelve months prior to the finding of the indictment, but if it had not so shown the question was raised for the first time in this court. It is too late to raise the question for the first time here. See *Earhart* v. *Com.*, 9 Leigh (36 Va.) 671, and Rule 22 of this court.

[4] Upon the second assignment, that the evidence did not support the verdict, it is sufficient to say that the accused was positively identified by two officers

as the person who jumped from an automobile and made his escape on the night the automobile, owned by the defendant and occupied by his wife and brother, was captured. There was a direct conflict in the evidence of these officers and certain witnesses who undertook to establish an alibi for the accused, which the jury determined against the accused.

But, however the case may stand on the merits under the circumstances above narrated, the writ of error should be dismissed as improvidently awarded.

*Writ of error dismissed.*